RITA M. GINSBERG *v.* ROBERT S. POST ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, JS.

Argued April 6—decision released June 5, 1979

*Frederick W. Odell,* for the appellant (defendant Robert Fitzgerald).

*Daniel B. Kenney,* with whom, on the brief, was *Morris Apter,* for the appellee (plaintiff).

BOGDANSKI, J.   A review of the underlying facts leading to the present litigation is appropriate in order to focus properly on the precise issues involved in this appeal.

The plaintiff, Rita M. Ginsberg, is the owner and operator of a package liquor store located at 185 Main Street, Wethersfield.  This package store has been in continuous operation at these same premises since 1945, for the past twenty-five years under the management of the plaintiff and her late husband. No objection has been raised by the town of Wethersfield to the manner in which the plaintiff's package store has been or is being managed.

The package store at 185 Main Street is one of four stores located in the one-story building known as 181–189 Main Street.  Of the other stores in this building, two are also occupied, one by a cafe restaurant located at 187–189 Main Street, and the other by a clock shop at 183 Main Street.  The store front at 181 Main Street, however, was vacant at the time of the events giving rise to the present

appeal. The store at 181 Main Street is the same length as the store at 185 Main Street but two to three feet wider. Under the provisions of § 4006 of the Wethersfield zoning regulations, the entire building, known as 181–189 Main Street, is a non-conforming building as far as proximity requirements for liquor outlets are concerned.

When her lease expired, the plaintiff was requested by her landlords to relocate. She promptly made an application to the liquor control commission (hereinafter the commission) for permission to remove her package store to the vacant store at 181 Main Street. The application required a certification by the Wethersfield zoning enforcement officer that the sale of alcoholic liquor at the proposed location was not prohibited by the town's zoning ordinances or bylaws. The required certification was duly obtained from Robert S. Post, the Wethersfield zoning enforcement officer and building inspector. The plaintiff, however, subsequently withdrew her application, as she had not yet obtained a lease for the 181 Main Street premises.

Subsequently the plaintiff's landlords instituted eviction proceedings in order to regain possession of the premises at 185 Main Street. The plaintiff in the meanwhile had obtained a written lease for the 181 Main Street premises and, on October 25, 1976, she submitted a second application to the commission for a removal permit. Once again the plaintiff requested and obtained a certification from the zoning enforcement officer certifying that the sale of alcoholic liquor was permitted at the 181 Main Street location. The defendant Robert Fitzgerald and others filed with the commission an objection to the plaintiff's application.

On January 24, 1977, the commission held a hearing on the plaintiff's application. Fitzgerald appeared at the hearing and testified in opposition to the proposed removal on the grounds that the removal would permit the enlargement of the cafe presently located at the 187–189 Main Street address. Post testified that in his opinion the Wethersfield zoning ordinances did not prohibit the granting of the proposed permit. On January 24, 1977, the commission granted the plaintiff's application. No appeal from that decision was ever taken.

The plaintiff, once she had been granted a removal permit by the commission, began to incur expenses in connection with the remodeling work necessary for the relocation of her package store. About this time, Post was informed by the Wethersfield town counsel that, in his opinion, Post's opinion concerning the sale of alcoholic beverages at the 181 Main Street location was in error. The record reveals that the opinion of the town counsel was wholly unsolicited by Post, and that Post was, and continues to be, of the opinion that the sale of alcoholic beverages at the 181 Main Street address is not in violation of the applicable zoning regulations. The plaintiff was nonetheless requested by Post to hold up her relocation efforts until the purported conflict could be resolved. When the plaintiff was also threatened with criminal sanctions should she proceed with the removal, she brought a declaratory judgment action in Superior Court seeking thereby to ascertain her rights. In that action she also requested an injunction restraining Post from interfering further with the relocation of her package store. The defendant Fitzgerald was permitted to intervene as a party defendant in the declaratory judgment action.

From the judgment of the trial court declaring that the plaintiff's occupancy of 181 Main Street was permitted under the zoning regulations the defendant Fitzgerald has taken the appeal presently before this court.[1] The defendant Fitzgerald argues that the trial court erred in concluding that the occupancy of the premises at 181 Main Street by the plaintiff's package store is permitted under the zoning regulations of the town of Wethersfield.

Conclusions of a trial court will not be set aside unless legally or logically inconsistent with the facts or unless they involve the application of some erroneous rule of law. *Schnier* v. *Ives,* 162 Conn. 171, 177, 293 A.2d 1 (1972); *Branford Sewer Authority* v. *Williams,* 159 Conn. 421, 425, 270 A.2d 546 (1970).

The trial court, on the basis of the evidence before it, concluded that the commission, in approving the plaintiff's application for removal, had determined that the sale of alcoholic liquor at 181 Main Street was not prohibited under the zoning regulations of Wethersfield.

Section 30-44 of the General Statutes provides in part: "The . . . [liquor control commission] shall refuse permits for the sale of alcoholic liquor . . . where prohibited by the zoning ordinance of any city or town." Performance of this duty requires that the commission, in acting upon applications referred to it, determine in each case whether the sale of alcoholic liquor is permissible under the zoning regulations of the particular town involved.

The record reveals that the defendant Post appeared at the hearing before the commission and testified as to the applicability of the Wethersfield

---

[1] Robert S. Post, the named defendant in the declaratory judgment action, has taken no appeal from the decision of the trial court.

zoning ordinances to the proposed removal application. The defendant Fitzgerald also appeared at that hearing and gave testimony in opposition to the enlargement of the cafe or tavern located at 187–189 Main Street.

The above evidence reveals that the proceedings before the commission afforded the defendant Fitzgerald a legal forum in which to present and litigate any and all claims which he may have had concerning the permissibility of the proposed removal. That the defendant did, in fact, avail himself of that opportunity is apparent from the record.

There is, however, nothing in the record to show that the defendant Fitzgerald, or any of the other residents who had joined with him in the filing of the objection, ever exercised his statutory right to appeal from the decision granting the removal permit.[2] Nor does it appear that any of these parties ever sought to avail themselves of the alternative means of judicial review available pursuant to § 4-183 of the General Statutes. *McDermott* v. *Commissioner of Children & Youth Services,* 168 Conn. 435, 440–41 n.4, 363 A.2d 103 (1975).

Since the statutory time for appeal had expired long before the commencement of the declaratory judgment proceedings, this court must conclude that the decision of the commission authorizing the removal by the plaintiff had become final and that the correctness of that decision, therefore, had to be accepted as the law of the case by the trial court.

[2] General Statutes § 30-60 provides in part that "any ten residents who have filed a remonstrance . . . and who are aggrieved by the granting of a permit . . . may, within ten days thereafter, appeal from such adverse decision to the court of common pleas."

See *Beit Havurah* v. *Zoning Board of Appeals,* 177 Conn. 440, 451, 418 A.2d 82 (concurring opinion) (1979).

We note that the proceedings in the trial court were for a declaratory judgment and that the sole function of the court in those proceedings was to *ascertain* the rights of the plaintiff under existing law. The court was not called upon, nor did it have jurisdiction, to make a de novo determination of the permissibility under the zoning regulations of the removal of the plaintiff's package store, that question having previously and finally been determined by the commission. Under these circumstances, we conclude that the trial court did not err in declaring that the removal of the plaintiff's package store from 185 Main Street to 181 Main Street was permitted.

There is no error.

In this opinion the other judges concurred.