TOWN OF MIDDLEBURY *v.* JOHN STEINMANN ET AL.
(10194)

PETERS, HEALEY, PARSKEY, SHEA and GRILLO, Js.

Argued February 1—decision released April 19, 1983

---

*William L. Stevens,* with whom, on the brief, were *Francis M. Donnarumma* and *Joseph W. Doherty,* for the appellants (defendants).

*James Wu,* with whom, on the brief, was *Anthony M. Fitzgerald,* for the appellee (plaintiff).

GRILLO, J. In this appeal from a declaratory judgment, wherein the defendants' ownership interests in certain real property were found to be subordinate to the plaintiff's right of way acquired through condemnation proceedings, the defendants allege error in the conclusion of the trial court that the defendants possessed actual or constructive knowledge of the pendency of the condemnation action.

The trial court could have reasonably found the following facts as supported by the record: During the spring of 1969, the plaintiff town of Middlebury, through counsel, commenced a series of negotiations with the defendant John Steinmann in order to obtain a sewer line right of way across a tract of land owned by Steinmann. In connection with these negotiations, Steinmann received a letter from the plaintiff dated June 25, 1969, which purported to delineate by reference to a recorded map the specific parameters of the desired right of way. The defendant, Steinmann, knowing the letter and referenced map to be in error concerning his property line, met with town officials in June or July

of 1969 in order to correct the mistake. As a result of Steinmann's efforts, a second map was prepared. Because of the confusion concerning the first map, it was not until the defendant Steinmann received the revised map, by letter dated July 16, 1969, that he understood the exact parameters of the easement sought by the plaintiff.

As the defendant Steinmann and the plaintiff could not agree on the amount of compensation for the desired easement, the town instituted condemnation proceedings by petition dated September 5, 1969. The petition described the parameters of the right of way in a detailed and comprehensive manner, and Steinmann admitted that the sheriff's return disclosed actual service and notice. On September 11, 1969, a notice of lis pendens with respect to the condemnation action was filed and recorded on the land records of the town of Middlebury.

By warranty deed dated September 29, 1969, Steinmann conveyed a certain parcel of real property to his son, the defendant David Steinmann. The transfer was made without monetary consideration,[1] and David Steinmann did not learn of the conveyance until sometime in December 1969. The conveyed parcel included a portion of the realty which was subject to the then pending condemnation proceeding.[2]

---

[1] John Steinmann testified that he conveyed the property for "love and affection."

[2] Simultaneously with the conveyance to David, John Steinmann transferred another parcel of real estate to his son Timothy Steinmann, again for "love and affection." Timothy did not know of the coveyance until November 1971. Timothy's parcel likewise included a portion of the property over which the town wished to acquire a right of way. Although Timothy was a named defendant in the declaratory judgment action below, he has subsequently withdrawn his appeal to this court. We will therefore consider the

On October 22, 1969, the trial court, *Meyers, J.,* rendered a judgment permitting the sewer authority of the town of Middlebury immediate access to the subject property and appointed a three person committee to assess damages. See General Statutes (Rev. to 1977) § 7-248. John Steinmann did not appeal from this judgment. On August 7, 1970, the trial court accepted the report of the committee and thereupon awarded the defendant John Steinmann damages in the amount of $600. John Steinmann received this amount, less $10 applicable to the court clerk's fee for handling and disbursement.

The plaintiff instituted the present action on November 27, 1974, seeking, inter alia, a declaratory judgment that the defendants' interests in the disputed realty were subordinate to its sewer line easement. The defendants, in a special defense, asserted that because the lis pendens recorded in conjunction with the condemnation proceeding failed to describe the subject property adequately, it was ineffective and invalid. The defendants further counterclaimed, alleging, inter alia, illegal entry and trespass by the plaintiff. By memorandum of decision dated April 28, 1980, the Honorable Raymond J. Devlin, state trial referee, sitting as the trial court, found the interests of the defendants inferior to the plaintiff's right of way and rendered judgment in favor of the plaintiff on both the complaint and the counterclaim. With respect to John Steinmann , the court found that his actual

trial court's judgment only with respect to the defendants John and David Steinmann. We note, parenthetically, that by instrument dated December 4, 1973, Timothy conveyed to the Evans Products Company a first mortgage on his property to secure a note in the amount of $16,900. Although Evans was originally a party in the declaratory judgment action, it filed a withdrawal when it executed a subordination of its mortgage in favor of the plaintiff.

notice of the condemnation proceeding precluded any claim of superior title to the subject real estate. With respect to David Steinmann, the court concluded that the lis pendens provided valid constructive notice. Moreover, equitable considerations and the finding of actual notice on the part of John Steinmann combined to warrant the conclusion that David Steinmann took subject to the plaintiff's easement. From this judgment, the defendants appeal.

Of the several questions presented by the defendants, we address only one in view of our disposition of this appeal: Whether the defendant John Steinmann possessed actual notice of the location of the easement which was the subject of the condemnation proceeding.

The existence of actual notice is a question of fact and therefore properly within the province of the trier. See *Cruz* v. *Drezek,* 175 Conn. 230, 235–36, 397 A.2d 1335 (1978); *Hennessey* v. *Hennessey,* 145 Conn. 211, 214–15, 140 A.2d 473 (1958). On appeal, we will not disturb the trial court's findings "unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole." *Edens* v. *Kole Construction Co.,* 188 Conn. 489, 494, 450 A.2d 1161 (1982); see Practice Book § 3060D.

In the present case, John Steinmann admitted to several conferences with the plaintiff; to correcting errors concerning his property boundary as contained within the initial map; to being personally served with the condemnation petition, which recited the easement in detail; and, as of July 16, 1969, to understanding "what land they were after." In light of the foregoing, we conclude that "there was evidence before the trial court

which, if believed, would have provided an adequate basis for the finding actually made. That is all that is required." *Hardisty* v. *Hardisty,* 183 Conn. 253, 256, 439 A.2d 307 (1981). As the trial court properly concluded that the defendant John Steinmann had actual notice of the condemnation proceeding, he was bound by the subsequent judgment regardless of the adequacy of the notice of lis pendens. See *Wilkin* v. *Shell Oil Co.,* 197 F.2d 42, 49 (10th Cir. 1951); 54 C.J.S., Lis Pendens § 2.

With respect to the defendant David Steinmann, the trial court concluded that, irrespective of the adequacy of the notice of lis pendens, under the circumstances the conveyance by John to David should be set aside to the extent that it infringes upon the plaintiff's right of way. We agree. Because of our conclusion concerning this issue, we do not consider the defendants' arguments concerning the adequacy and constitutionality of the notice of lis pendens.

In an action seeking a declaratory judgment, the sole function of the trial court is to ascertain the rights of the parties under existing law. *Ginsberg* v. *Post,* 177 Conn. 610, 616, 418 A.2d 941 (1979). While we have characterized the proceeding as a special statutory action and therefore distinct from one seeking the imposition of equitable relief; *United National Indemnity Co.* v. *Zullo,* 143 Conn. 124, 129, 120 A.2d 73 (1956); *Newington* v. *Mazzoccoli,* 133 Conn. 146, 150, 48 A.2d 729 (1946); the trial court may, in determining the rights of the parties, properly consider equitable principles in rendering its judgment. See *Andrews* v. *Connecticut Light & Power Co.,* 23 Conn. Sup. 486, 493–94, 185 A.2d 78 (1962). This conclusion not

only harmonizes the rule that actions in law and equity may be combined in this state; *Chandler* v. *Hale*, 173 Conn. 276, 286, 377 A.2d 318 (1977); it is also in accord with our position favoring liberal construction of the declaratory judgment statute in order to effectuate its "sound social purpose." *England* v. *Coventry*, 183 Conn. 362, 364, 439 A.2d 372 (1981); *Horton* v. *Meskill*, 172 Conn. 615, 626–27, 376 A.2d 359 (1977).

Under the circumstances of the present case, where John Steinmann conveyed portions of the subject realty less than one month after commencement of the condemnation action and less than one month before judgment therein, where he possessed actual notice of the proceeding and transferred the property for inadequate consideration,[3] and where he accepted full payment of the damage award notwithstanding his earlier conveyances, the trial court, applying equitable principles as pleaded within the complaint, reasonably concluded that David Steinmann's ownership interest was subject to the plaintiff's right of way. Courts, when applying equitable principles, " 'can always look behind the technical legal title if necessary to work out . . . the rights of the parties.' " *Morris* v. *Costa*, 174 Conn. 592, 601, 392 A.2d 468 (1978).

There is no error.

In this opinion the other judges concurred.

---

[3] The sufficiency of consideration "is a question of law based upon the evidence . . . ." *Town Bank & Trust Co.* v. *Benson*, 176 Conn. 304, 307–308, 407 A.2d 971 (1978). Love and affection, although providing good consideration for a transfer, does not provide legal consideration which would support enforcement of a promise. *Varley* v. *Varley*, 170 Conn. 455, 460, 365 A.2d 1212 (1976).