## AETNA CASUALTY AND SURETY COMPANY *v.* HARRY EBERHEIM

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE NO. 0091849
STAMFORD/NORWALK

Memorandum filed September 9, 1988

*Ryan, Ryan & Hickey,* for the plaintiff.
*Jacques, Murray & Moger,* for the defendant.

LANDAU, J. This is a declaratory judgment action initiated by the plaintiff, Aetna Casualty and Surety Company, to determine its responsibility to the defendant, Harry Eberheim, under an insurance policy covering the defendant's boat. Eberheim is currently the defendant in an action brought in Federal District Court by a person who claims that he rescued Eberheim's boat during Hurricane Gloria in 1985 and is therefore entitled to a salvage award.

The plaintiff asserts that it has no responsibility to defend Eberheim in the federal court action because the insurance policy does not provide coverage for salvage claims. The policy in question insures the boat against "all risks of direct physical loss from any external cause." The policy defines "all risk" as "all accidental losses or damages to the covered property" and defines "direct physical loss" as "the actual damage"

to the covered property "resulting directly from a covered peril." The plaintiff argues that because the policy makes no mention of coverage for salvage claims, and because there was no "actual damage" to the boat, it should not be required to either defend Eberheim in the federal court action nor to indemnify him for any salvage loss.

The defendant asserts that the plaintiff should be required to defend and indemnify him because a salvage claim is in the nature of a direct loss and because the law of salvage requires that salvage losses be borne by insurers. The issue to be decided by the court may be framed as follows: Is an insurer liable to its insured for a salvage loss even when the policy does not specifically insure against salvage claims?

In an action seeking a declaratory judgment, the sole function of the trial court is to ascertain the rights of the parties under existing law. *Middlebury* v. *Steinmann*, 189 Conn. 710, 715, 458 A.2d 393 (1983). In determining the rights of the parties, the trial court may properly consider equitable principles in rendering its judgment in order to effectuate the "sound social purpose" of the declaratory judgment statute. Id., 715–16.

The terms of an insurance policy are to be construed according to general rules of contract construction. *Griswold* v. *Union Labor Life Ins. Co.,* 186 Conn. 507, 512, 442 A.2d 920 (1982). "If the terms of the policy are clear and unambiguous, ' "then the language, from which the intention of the parties is to be deduced, must be accorded its natural and ordinary meaning." ' " Id., 512–13. "It is a basic principle of insurance law [however,] that policy language will be construed as laymen would understand it and not according to the interpretation of sophisticated underwriters, and that ambiguities in contract documents are resolved against the

party responsible for its drafting; the policyholder's expectations should be protected as long as they are objectively reasonable from the layman's point of view." *Cody* v. *Remington Electric Shavers,* 179 Conn. 494, 497, 427 A.2d 810 (1980).

There does not appear to be a Connecticut case which addresses the issue of whether a salvage loss is insured against by a policy that does not specifically cover salvage. The authorities, however, are nearly unanimous in holding that such a loss is covered by the insurance policy.

Black's Law Dictionary defines "salvage charges" as "all the expenses and costs incurred in the work of saving and preserving the property which was in danger. The salvage charges ultimately fall upon the insurers." Black's Law Dictionary (5th Ed. 1979). Couch, in his treatise on insurance law, states that "[s]alvage, although not directly insured against, is a loss for which the insurer is liable where its payment is made necessary by a peril insured against." 15 G. Couch, Cyclopedia of Insurance 2d (2d Ed. Rev. 1983) § 55:44. Appleman defines salvage as "all those costs, expenses and charges necessarily incurred in saving and preserving the property imperilled, which costs are eventually borne by the insurer." 6 J. Appleman, Insurance Law and Practice (1972 Rev.) § 3808.

In *Peters* v. *Warren Ins. Co.,* 39 U.S. 99, 110 (1840), the United States Supreme Court indicated that under the law of admiralty an insurer would be held liable "for services rendered to a vessel in distress" even though "salvage is not specifically, and in terms, insured against." The court adopted "the doctrine that whenever the thing insured becomes by law directly chargeable with any expense, contribution, or loss, in consequence of a particular peril, the law treats that peril, for all practical purposes, as the proximate cause

of such expense, contribution, or loss." Id., 112. The court based its reasoning on "general principles of law applicable to the contract of insurance." Id.

A salvage loss could be considered a loss that is specifically covered by the insurance policy. Appleman states that "[a] charge for salvage is in the nature of a direct loss. . . ." 6 J. Appleman, supra. In *International Nav. Co.* v. *Atlantic Mut. Ins. Co.*, 100 F. 304, 323 (S.D.N.Y. 1900), the policy stated that the insurance company was " 'to bear all the loss and damage that may come to the ship by sea perils.' " In considering whether a charge for salvage was covered by such a policy, the court noted that "the House of Lords has held in *Aitchison* v. *Lohre*, 4 App. Cass. 755, that salvage losses and expenses are directly within the contract of insurance against sea perils. . . ." Id., 309. "So far, therefore, as [salvage expenses] are a charge and a lien upon the ship, and thereby a 'hurt, detriment and damage to her,' the insurers by the very terms of the policy are directly answerable to the assured who has paid them." Id., 313. The court concluded that "[a] rule so long established may well be deemed to enter into the contract, as the understanding of the parties to it." Id., 314.

For general reasons of equity, the insurer should be held liable for a salvage award. There are a number of cases which hold that an insured who takes steps to protect insured property should be reimbursed for expenses by the insurer. See *Slay Warehousing Co.* v. *Reliance Ins. Co.*, 471 F.2d 1364, 1367–68 (8th Cir. 1973); *Harper* v. *Pelican Trucking Co.*, 176 So. 2d 767, 773 (La. App. 1965). In *Leebov* v. *United States Fidelity & Guaranty Co.*, 401 Pa. 477, 165 A.2d 82 (1960), the insured expended time and money to protect the insurer's interest and then sought reimbursement. The court observed: "If the plaintiff had not taken immediate and substantial measures to remedy the perilous

situation, disastrous consequences might have befallen the adjoining and nearby properties. If that had happened, the defendant would have been required to pay considerably more than is involved in the present lawsuit. It would be a strange kind of argument and an equivocal type of justice which would hold that the defendant would be compelled to pay out, let us say, the sum of $100,000 if the plaintiff had not prevented what would have been inevitable, and yet not be called upon to pay the smaller sum which the plaintiff actually expended to avoid a foreseeable disaster." Id., 481.

It would be an "equivocal type of justice" that would hold that the plaintiff would be compelled to pay out the entire value of the boat if the salvor had not prevented what would have been inevitable, and yet not be called upon to pay the smaller sum—the salvor's claim. It would be manifestly unfair to require the owner of the boat to pay the salvor's claim when the benefit of the salvor's services accrued exclusively to the plaintiff. "One who has a pecuniary interest in the salvaged property and benefits by the salvage service is liable to the salvor for a salvage award." 3A E. Benedict, Admiralty (7th Ed. Rev.) § 46. It was the plaintiff, and not the boat owner, who truly received the benefit of the salvage service, and it is therefore the plaintiff who is to be held liable for the salvor's award.

Accordingly, the plaintiff is required to defend its insured, the defendant, in the federal court action and indemnify him against any amount due the salvor.