JAMES HONIS ET AL. v. ALAN COHEN ET AL.
(6746)

DUPONT, C. J., O'CONNELL and FOTI, Js.

Argued December 13, 1988—decision released April 4, 1989

*Anthony F. Slez, Jr.,* for the appellants (plaintiffs).

*Thomas K. Jackson,* for the appellees (named defendant et al.).

*Frank J. Riccio,* for the appellees (defendant Gary Kelly et al.).

O'CONNELL, J. This is the plaintiffs' appeal from a judgment in favor of the defendants in an action for a declaratory judgment and an injunction concerning their eligibility to take an examination for promotion to lieutenant in the Bridgeport police department.

The three claims of error[1] raised by the plaintiffs are subsumed in the larger question of whether they may,

---

[1] The plaintiffs claim that the court erred (1) in excluding all evidence as to the residence of the three police officer defendants, (2) by misapplying the law of two leading cases to the facts of the present case, and (3) in failing to find the right to compete for promotion, under the facts of this case, is a vested property right.

at this time, question their eligibility for inclusion on the lieutenants list. We answer that question in the negative and find no error.

The following facts are dispositive of this appeal. The three plaintiffs are sergeants in the Bridgeport police department and the defendants are the personnel director of the city of Bridgeport, the civil service commission of the city of Bridgeport and three other sergeants (defendant sergeants) in the police department. On June 11, 1983, the civil service commission conducted an examination for promotion to the rank of sergeant. All of the plaintiffs and defendant sergeants took and passed the examination, the results of which were announced in the fall of 1983. Shortly thereafter, the plaintiff Honis challenged the residency of the defendants Frank Resta and Gary Kelly.[2]

City residency is a requirement for promotional eligibility. The civil service commission requested the board of police commissioners to investigate Resta's and Kelly's residencies. A board of inquiry was held on May 8, 1984, and found that Resta and Kelly were bona fide residents of the city. These findings were transmitted to the civil service commission. On December 28, 1984, that commission certified and promulgated a list of police officers eligible for a promotion to sergeant. The names of the plaintiffs and of the defendant sergeants appeared on this list in the order of their earned ratings as determined by the promotional examination. The defendant sergeants' names appeared higher on the list than the plaintiffs' names.

The Bridgeport city charter provides that promotion from a list of this type is automatic and in order of earned ratings with no discretion allowed to the civil service commission. As each of their names rose to the

---

[2] The residence of defendant Gerald DeStefano was not challenged prior to this action.

top of the list, each of the plaintiffs and defendants was promoted to sergeant; the defendants were promoted on earlier dates than the plaintiffs. Pursuant to § 9 of the Bridgeport City Charter, this promotional eligibility list expired on December 28, 1986. No appeal was brought to the courts when the defendant sergeants were found to be bona fide Bridgeport residents nor when they were promoted to sergeant.

The problem that is the genesis of the present action arose on March 24, 1987, with the announcement of an examination of eligible sergeants for promotion to the rank of lieutenant. A prerequisite to taking the lieutenants examination was one year of service (time in grade) as a sergeant. The plaintiffs are fifty-one days short of meeting this time in grade requirement.

In this action, the plaintiffs seek a declaratory judgment to the effect that by force of law they were promoted to sergeant effective on April 10, 1986, with time and grade from that date, rather than from the later dates on which they were actually promoted. The April 10, 1986 date would qualify the plaintiffs to take the lieutenants examination. Ancillary to the declaratory judgment, the plaintiffs seek an injunction blocking other promotions to the rank of lieutenant until they have taken that examination and damages for violation of their civil rights pursuant to 42 USC § 1983. The latter claim is directed solely against the defendants Cohen and the civil service commission.

The gravamen of the plaintiffs' complaint is that the defendant sergeants were promoted while they were nonresidents and hence their promotions were illegal. The plaintiffs argue that had it not been for these illegal promotions, they would have been promoted sooner, thereby having the requisite time in grade to take the lieutenants examination.

There is a fundamental flaw in the plaintiffs' case. They never appealed the December 28, 1984 certification of the defendant sergeants' eligibility for the sergeants examination. They now are attempting to use this declaratory judgment action as a substitute for that appeal. This is an inappropriate utilization of the declaratory judgment process. *Tucker* v. *Board of Education,* 190 Conn. 748, 754, 462 A.2d 385 (1983). They may not, at this date, employ the declaratory judgment statute to achieve a de novo determination of a matter upon which they failed to take a timely appeal. *Ginsberg* v. *Post,* 177 Conn. 610, 615, 418 A.2d 941 (1979). Hence, the plaintiffs are precluded from challenging the correctness of the civil service commission's 1984 certification of the sergeants eligibility list at this time. *Tucker* v. *Board of Education,* supra, 754–55.

Moreover, this action is an attempt to challenge a promotion list after its expiration. The effect of the relief sought by the plaintiffs is to change their position on the sergeants promotion list. The failure to act while an eligibility list is in force has been determined by our Supreme Court to render the trial court powerless to alter relative positions on a promotion list after the list's expiration date. *State ex rel. Gaski* v. *Basile,* 174 Conn. 36, 41, 381 A.2d 547 (1977); *State ex rel Chernersky* v. *Civil Service Commission,* 141 Conn. 465, 470–71, 106 A.2d 713 (1954).

The plaintiffs' civil rights claim under 42 U.S.C. § 1983 also lacks merit. In order to prevail, the plaintiffs would have to show a deprivation of a property right within the due process clause of the United States constitution. An application for government employment generally does not give rise to a property interest in the position sought. *McFarlane* v. *Grasso,* 696 F.2d 217, 221 (2d Cir. 1982); *Gant* v. *Binder,* 596 F. Sup. 757, 766 (D. Neb. 1984), aff'd, 766 F.2d 358 (8th Cir. 1985); nor, except when termination of employ-

ment is involved, do personnel decisions constitute a deprivation of a property interest. *Rode* v. *Dellarciprete,* 646 F. Sup. 876, 880 (M.D. Pa. 1986), aff'd in part, vacated and remanded in part, 845 F.2d 1195 (3rd Cir. 1988); *Wargat* v. *Long,* 590 F. Sup. 1213, 1215 (D. Conn. 1984); see also *Petrowski* v. *Norwich Free Academy,* 199 Conn. 231, 234, 506 A.2d 139, appeal dismissed, 479 U.S. 802, 107 S. Ct. 42, 93 L. Ed. 2d 5 (1986).

There is no error.

In this opinion the other judges concurred.