## TOWN OF PRESTON *v.* CONNECTICUT SITING COUNCIL ET AL.
### (7879)

BORDEN, FOTI and LAVERY, Js.

Argued November 1, 1989—decision released March 20, 1990

*Kathleen Eldergill,* with whom was *Frank A. Manfredi,* for the appellants (plaintiffs).

*Robert B. Teitelman,* assistant attorney general, with whom were *Phyllis E. Lemell,* assistant attorney general, and, on the brief, *Clarine Nardi Riddle,* attorney

general, and *Robert E. Walsh* and *Robert S. Golden,* assistant attorneys general, for the appellees (named defendant et al.).

*Francis J. Brady,* with whom was *Mary Adamowicz,* for the appellee (defendant Connecticut Resources Authority).

*Roger E. Koontz,* for the appellee (defendant Southeastern Connecticut Regional Resources Authority).

*William H. Narwold,* with whom was *Karen L. Goldthwaite,* for the appellee (defendant American Ref-Fuel Company).

BORDEN J. The plaintiff town of Preston appeals from the judgment of the trial court dismissing its action for a declaratory judgment regarding an application by the three defendant applicants, the Connecticut Resources Recovery Authority (CRRA), the Southeastern Connecticut Regional Resources Recovery Authority (SCRRRA) and the American Ref-Fuel Company (Ref-Fuel),[1] to construct a proposed electric generating resource recovery facility. The dispositive issue is whether the declaratory judgment sought by the plaintiff to interpret Public Acts 1985, No. 85-334, § 6, was rendered moot by the subsequent enactment of Public Acts 1987, No. 87-465. We conclude that it was, and we therefore find no error in the judgment of dismissal.

This case has its genesis in the same regional resource recovery facility described in *Preston* v. *Connecticut Siting Council,* 20 Conn. App. 474, 568 A.2d 799 (1990). The proposed facility "was designed to incinerate approximately 180,000 tons per year of municipal solid waste in order to produce steam that would be used solely to generate electricity." Id., 477.

---

[1] The other defendants to this action are the named defendant and the department of environmental protection.

In October, 1986, the plaintiff filed a petition with the commissioner of environmental protection (commissioner) for a declaratory ruling concerning the facility. The plaintiff claimed that Public Acts 1985, No. 85-334, § 6,[2] codified as General Statutes (Rev. to 1987) § 22a-208b, applied to the facility, and that, therefore, it could not be constructed without a permit from the commissioner issued after local zoning approval. The plaintiff also asserted that the applicants claimed that the facility was governed, not by Public Acts 1985, No. 85-334, § 6, but by General Statutes § 16-50i, and that the only documentation required for it, therefore, was a certificate of environmental compatibility and public need (certificate) from the siting council (council). The petition sought, inter alia, two closely related declaratory rulings: (1) that compliance with the town's local zoning regulations must be established before a construction permit could be issued by the commissioner; and (2) that a certificate from the council was insufficient documentation to satisfy the requirements of Public Acts 1985, No. 85-334, § 6. In November, 1986, the commissioner declined to rule on the petition on the ground that it required him to interpret statutes that were beyond his jurisdiction.

In December, 1986, the plaintiff filed this action for a declaratory judgment seeking essentially the same two determinations that it had sought from the commissioner, namely, (1) that the applicants were required to document that the facility complied with local zoning requirements before the commissioner could issue

---

[2] Public Acts 1985, No. 85-334, § 6, provided: "Sec. 6. (NEW) The commissioner of environmental protection may issue a permit to construct a solid waste facility pursuant to section 22a-208 of the general statutes, provided the applicant submits to the commissioner a copy of a valid certificate of zoning approval, special permit, special exception or variance, or other documentation, establishing that the facility complies with the zoning requirements adopted by the municipality in which such facility is located pursuant to chapter 124 of the general statutes or any special act."

a permit to construct it, and (2) that a certificate from the council was insufficient documentation required by Public Acts 1985, No. 85-334, § 6.[3] Meanwhile, the applicants applied to the council for a certificate, and they also applied to the commissioner for a construction permit for a solid waste facility. The council approved the application for a certificate, and we found no error in the dismissal of the plaintiff's administrative appeal from that decision. See *Preston* v. *Connecticut Siting Council,* supra. The commissioner granted the application for a construction permit, and the plaintiff appealed from that decision to the Superior Court. That appeal is still pending. See footnote 5, infra. Also, in 1987, the legislature enacted Public Acts 1987, No. 87-465, § 1, amending General Statutes § 22a-208b.[4]

The applicants and the plaintiff filed cross motions for summary judgment. On January 30, 1989, the court dismissed the action for lack of subject matter jurisdiction on the basis that the plaintiff had not exhausted its administrative remedies because the construction permit application was still pending before the commissioner.[5] This appeal followed.

---

[3] The plaintiff sought other judicial determinations which all parties agree are no longer involved in this case.

[4] Public Acts 1987, No. 87-465, § 1, provided: "Section 22a-208b of the general statutes is repealed and the following is substituted in lieu thereof:

"The commissioner of environmental protection may issue a permit to construct a [solid waste] facility FOR THE LAND DISPOSAL OF SOLID WASTE pursuant to section 22a-208a, provided the applicant submits to the commissioner a copy of a valid certificate of zoning approval, special permit, special exception or variance, or other documentation, establishing that the facility complies with the zoning requirements adopted by the municipality in which such facility is located pursuant to chapter 124 or any special act."

[5] The trial court's memorandum of decision, although dated October 24, 1988, was filed on January 30, 1989, the date of the judgment dismissing the declaratory judgment action. On November 23, 1988, the commissioner issued the construction permit. The plaintiff subsequently appealed from that decision to the Superior Court.

The plaintiff claims that the court erred by misapplying the doctrine of exhaustion of administrative remedies. We need not consider, however, whether the theory underlying the judgment of dismissal was correct, because we conclude that the issues the plaintiff sought to have the court adjudicate were moot. The court did not err, therefore, in dismissing the action.

It is settled that "in the case of actions praying for a declaratory judgment . . . the right to such relief is determined by the situation which has developed at the time of trial and not by that existing at the time the action was begun. . . . That the court in an action for a declaratory judgment . . . will look at the facts existing at the time of trial is more just than unjust. The remedy of a judicial declaration of rights is to inform parties of their rights and duties so that there may be an orderly settlement of their disputes. The dispute should not be settled on the basis of a situation which no longer exists." (Citations omitted.) *Edward Balf Co.* v. *East Granby,* 152 Conn. 319, 323, 207 A.2d 58 (1965). "In an action seeking a declaratory judgment, the sole function of the trial court is to ascertain the rights of the parties under *existing* law." (Emphasis added.) *Middlebury* v. *Steinmann,* 189 Conn. 710, 715, 458 A.2d 393 (1983); see also *Ginsberg* v. *Post,* 177 Conn. 610, 616, 418 A.2d 941 (1979).[6]

In this case, the plaintiff sought, from both the commissioner and the trial court, a declaration interpreting Public Acts 1985, No. 85-334, § 6. The success of the plaintiff's claim hinged on its argument that the proposed facility was a "solid waste facility" within the meaning of Public Acts 1985, No. 85-334, § 6. By the

[6] Compare *Young* v. *Chase,* 18 Conn. App. 85, 96–98, 557 A.2d 134 (1989), where we held that a validating act did not apply to a declaratory judgment action pending on the effective date of the act. In that case, however, the language of the act specifically precluded its application to such an action. Id., 97.

time the case was presented to the trial court, however, the legislature had amended that statute, which had become codified as General Statutes (Rev. to 1987) § 22a-208b by enacting Public Acts 1987, No. 87-465, § 1, codified as General Statutes (Rev. to 1989) § 22a-208b. See footnote 4, supra. That amendment changed the language describing the subject matter of the section from "a solid waste facility" to "a facility for the land disposal of solid waste." Compare footnotes 2 and 4, supra.

Furthermore, it is quite clear from the abundant legislative history of Public Acts 1987, No. 87-465, § 1, that it was meant to clarify, rather than to change, the meaning of Public Acts 1985, No. 85-334, § 1. See, e.g., Conn. Joint Standing Committee Hearings, Environment, Pt. 2, 1987 Sess., pp. 444–46, remarks of Representative William J. Cibes, Jr.; 30 S. Proc., Pt. 13, 1987 Sess., pp. 4674–76, remarks of Senator Michael P. Meotti; 30 S. Proc., supra, pp. 4698–700, remarks of Senator Steven Spellman; 30 H.R. Proc., Pt. 23, 1987 Sess., pp. 8305, 8322, remarks of Representative Mary M. Mushinsky. The 1987 act, therefore, had full retroactive effect. *State* v. *Magnano,* 204 Conn. 259, 284, 528 A.2d 760 (1987).

The plaintiff did not seek to persuade the trial court that General Statutes (Rev. to 1989) § 22a-208b, which codified the 1987 enactment, applied nonetheless to the facility, on the basis that it was a "facility for the land disposal of solid waste." Indeed, the plaintiff argued that the 1987 enactment was *not* retroactive and that, therefore, General Statutes (Rev. to 1987) § 22a-208b, codifying the 1985 enactment, applied to the facility on the basis that it was a "solid waste facility."

Thus, the plaintiff persisted in seeking from the trial court an interpretation of statutory language that was no longer in effect, and that had been subsequently clar-

ified in a significant way likely to affect its claim. The plaintiff's claim for a declaratory judgment, therefore, became moot because the plaintiff no longer sought to "ascertain the rights of the parties under existing law"; *Middlebury* v. *Steinmann,* supra; but rather sought to resolve a dispute "on the basis of a situation which no longer exist[ed]." *Edward Balf Co.* v. *East Granby,* supra.

There is no error.

In this opinion the other judges concurred.