[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The facts as alleged in the revised complaint are as follows. On March 3, 1989, the plaintiffs, Alistair and Dorothy Gemmell [the "Gemmells"], acquired title to real estate known as 846 Dogburn Road from the Masonic Charity Foundation of Connecticut. The deed references to a map on file in the Orange Town Clerk's office. The map shows a parcel of land owned by Mary Gracey ["Gracey"] which includes the Gemmells' property. The parcel is bordered by a proposed road now known as Glen Road.
Gracey was the predecessor in interest to the Gemmells' property. Gracey conveyed the remainder of the parcel of land reserving a right-of-way to herself, heirs and assigns over Glen Road.
The defendants, Dennis and Valerie Lee [the "Lees"], Thomas and Susan O'Donnell [the O'Donnells"], and Roy and Joan Somers [the "Somerses"], have blocked Glen Road by the parking and storing of vehicles and debris on Glen Road thereby preventing the Gemmells from using their right-of-way over Glen Road. As a result of the defendants' behavior, the plaintiffs filed a two count complaint against the defendants on April 7, 1992. On May 18, 1992, the defendants, the Lees and the O'Donnells, filed a request to revise. CT Page 321 On May 27, 1992, the plaintiffs filed a revised two count complaint. The first count is a claim for a declaratory judgment determine the rights of the parties in the land and quieting title. The second count is a claim for an injunction restraining the defendants from interfering with the plaintiffs' right of way.
On June 9, 1992, the defendants, the Lees and the O'Donnells, filed a motion to strike the first and second counts of the plaintiffs' complaint on the ground that they have failed to allege facts showing they acquired any interest in a right-of-way along with a memorandum of law. On June 12, 1992, the plaintiffs filed an objection to the defendants' motion to strike along with a memorandum of law in support thereof.
On June 12, 1992, the plaintiffs also filed a motion to amend the complaint along with an amended complaint. However, to date, the court has not acted on the motion.
On October 5, 1992, the defendants filed a supplemental memorandum in support of the plaintiffs' amended complaint. On October 7, 1992, the plaintiffs filed a reply to the defendants' supplemental memorandum. However, since the original motion to strike addresses only the plaintiffs' revised complaint, the court need not consider the supplemental memorandum which addresses the proposed amended complaint.
"A motion to strike challenges the legal sufficiency of a pleading. Practice Book 152." Mingachos v. CBS, Inc., 196 Conn. 91,108, 491 A.2d 368 (1985). A motion to strike is properly used to contest the legal sufficiency of the allegations of any complaint. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1988).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original). Mingachos, supra, 108. "In deciding upon a motion to strike . . ., a trial court must take the facts to be those alleged in the complaint; . . . and `cannot be aided by the assumption of any facts not therein alleged.'" Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990).
The court must construe the "complaint in the manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471, 594 A.2d 1 (1991), citing CT Page 322 Michaud v. Wawruck, 209 Conn. 407, 408, 551 A.2d 738 (1988). Where the facts provable under the allegations would not support a cause of action, the motion to strike must be granted. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989).
First Count
The first count of the plaintiffs' complaint is a claim for a declaratory judgment. "The purpose of a declaratory judgment action is to secure an adjudication of rights where there is a substantial question in dispute or a substantial uncertainty of legal relations between the parties." Connecticut Association of Health Care Facilities, Inc. v. Worrell, 199 Conn. 609, 613,508 A.2d 743 (1986). The sole function of the trial court in a declaratory judgment action is "`to ascertain the rights of the parties under existing law.'" Halpern v. Board of Education,196 Conn. 647, 654-55, 495 A.2d 264 (1985), quoting Middlebury v. Steinman, 189 Conn. 710, 715, 458 A.2d 393 (1983).
A declaratory judgment is governed by Practice Book 389-90. Section 390 provides that:
 [t]he court will not render declaratory judgments upon the complaint of any person:
 (a) unless he has an interest, legal or equitable, by reason of danger of loss or of uncertainty as to his rights or other jural relations; or
 (b) unless there is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties; or
 (c) where the court shall be of the opinion that the parties should be left to seek redress by some other form of procedure; or
 (d) unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof.
Practice Book 390. A plaintiff seeking a declaratory judgment must allege in his complaint that he has an interest in the subject matter of the complaint. CT Page 323
The defendant moves to strike the first count on the ground that the plaintiffs have failed to allege facts showing they acquired any interest in the right-of-way. The plaintiffs' revised complaint alleges that the deed to their land references a map showing a parcel of land owned by Mary Gracey. Gracey was the predecessor in interest to the plaintiffs. Gracey conveyed the remainder of the parcel reserving a right-of-way to herself, heirs and assigns over Glen Road. (Plaintiffs' Revised Complaint, Count One, paras. 2-5.) The plaintiffs sufficiently allege that they acquired a right-of-way over Glen Road, and the motion to strike the first count is hereby denied.
Second Count
The second count of the plaintiffs' revised complaint is a claim for injunctive relief."`A party seeking injunctive relief has the burden of alleging and proving irreparable harm and lack of an adequate remedy at law.'" Walton v. New Hartford, 223 Conn. 155,165, ___ A.2d ___ (1992), quoting Pet v. Dept. of Health Services, 207 Conn. 346, 370, 542 A.2d 672 (1988).
The defendants move to strike the second count on the same ground as the first count. The second count contains the same allegations with respect to the right-of-way as the first count. The motion to strike the second count is denied for the same reasons as the first count.
The Court By Curran, J.