[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Bakerville Lumber and Construction Co., Inc., ("Plaintiff") commenced an action for declaratory judgment by writ, summons and complaint against the Town of New Hartford ("Defendant") dated March 31, 1992. The Plaintiff seeks a determination by this court of whether the continuation of the Plaintiff's sand and gravel excavation is governed by the Town of New Hartford Planning and Zoning Regulations effective as of 1974 and amended in 1979 or by the Regulations as amended by the Town of New Hartford Planning and Zoning Commission in November 1991.
The following facts were agreed to by stipulation dated January 15, 1993. The Plaintiff has engaged in sand and gravel excavation activities on three abutting parcels of land located in New Hartford, Connecticut since the late 1960's.
Since 1975 the Plaintiff has obtained and/or renewed several special permits from the Planning and Zoning Commission to conduct its sand and gravel excavation on the aforementioned parcels pursuant to the provisions of Article VI, Section 15 of the New Hartford Planning and Zoning Regulations effective as of 1974 and amended in 1979 ("Old Regulations").
In 1991, the Plaintiff filed three applications and obtained three special permits from the Defendant. Notwithstanding obtaining these three Special Permits the Plaintiff filed three appeals relating to them. The first count in each of the three appeals CT Page 4306 contained a claim by the Plaintiff that it enjoyed a pre-existing nonconformity with regard to the restriction on the hours of operation set forth in Article VI, Section 15.3.h. of the Old Regulations. The second count in each of the three appeals contained a challenge to the enforcement by the Defendant of a requirement that the Plaintiff provide periodic surveys of the three parcels.
While the three appeals were pending before this court, the defendant, in November 1991, amended the provisions of Article VI, Section 15 of the New Hartford Planning and Zoning Regulations ("New Regulations").
On August 6, 1992 this court rendered its decision in the three appeals. This court held on the first count that the plaintiff did not enjoy a pre-existing nonconformity with regard to Article VI, Section 15.3.h. of the Old Regulations. This court also sustained the second count of the three appeals.
On December 3, 1992, the Plaintiff filed an application with the Defendant to extend the First Permit. In this application the Plaintiff claims that the application, and any further extensions of it, is governed by the Old Regulations. In other words the Plaintiff claims that it enjoys the status of a "pre-existing nonconformity" and is not governed by the changes made in the November 1991 Regulations. Therefore, it can only be governed by the Old Regulations that were in existence prior to the November 1991 amendments.
The Defendant on the otherhand, argues that this claim is not appropriate for declaratory judgment proceedings and should be raised by application to the Defendant and an appeal to the court if the results are unsatisfactory.
DISCUSSION
A declaratory judgment action is a special proceeding under General Statutes Section 52-29, as implemented by sections 389-390 of the Practice Book. Rhodes v. Hartford, 201 Conn. 89, 92,513 A.2d 124 (1986). "The purpose of a declaratory judgment action is to secure an adjudication of rights where there is a substantial question in dispute or a substantial uncertainty of legal relations between the parties." Connecticut Assoc. of Health Care Facilities. Inc. v. Worrell, 199 Conn. 609, 613, 508 A.2d 743 (1986). The sole function of the trial court in a declaratory judgment action is to CT Page 4307 ascertain the rights of the parties under existing law. Halpern v. Board of Ed., 196 Conn. 647, 654-55, 495 A.2d 264 (1985), citing Middlebury v. Steinmann, 189 Conn. 710, 715, 458 A.2d 393 (1983).
Practice Book Section 390(c) permits the court to decline to render a declaratory judgment where another proceeding is available. Honis v. Cohen, 18 Conn. App. 80, 84. A.2d (19).
Moreover, declaratory judgment proceedings are appropriate for determining jurisdictional issues or questions concerning the validity of the regulations of an administrative agency, while questions concerning the correctness of an agency's decision in a particular case . . . [is] properly resolved only by appeal. Farmington Savings Bank v. Zoning Board of Appeals,189 Conn. 727, ___, ___ A.2d ___ (1983), quoting Hartford Electric Light Co. v. Water Resources Comm'n, 162 Conn. 89, 104-05, 291 A.2d 721
(1971). The case of Farmington Savings Bank v. Zoning Board of Appeals, supra, involved an administrative appeal from the actions of a zoning board of appeals denying a demolition permit. The denial was based upon the plaintiff's failure to obtain a certificate of appropriateness from the town's historic district commission. The plaintiff claimed that it was not subject to the historic district ordinance. On appeal, the town asserted that the plaintiff's claim should have been raised by a declaratory judgment. The court disagreed and held that the appeal of the denial of the permit was the proper course of action. The court reasoned:
 Although we have often stated that declaratory actions may be appropriate proceedings in which to determine rights in regard to the regulation of administrative agencies; see Hartford Electric Light Co. v. Water Resources Commission, 162 Conn. 89, 104, 291 A.2d 721
(1971); Sage Allen Co. v. Wheeler, 119 Conn. 667, 673, 179 A. 195 (1935); Sigal v. Wise, 124 Conn. 297, 301, 158 A. 891 (1932); the factor determining the proper forum is the underlying basis of the party's claim. "[D]eclaratory judgment proceedings are appropriate for determining jurisdictional issues or questions concerning the validity of the regulations of an administrative agency, while questions concerning the correctness of an agency's decision in a particular case or CT Page 4308 the sufficiency of the evidence can be properly resolved only by appeal. Hartford Electric Light Co. v. Water Resources Commission, supra, 104-105." Aaron v. Conservation Commission, 178 Conn. 173, 178, 422 A.2d 290 (1979). The plaintiff's claim clearly falls into the category of "questions concerning the correctness of an agency's decision in a particular case." The bank has consistently contended that its property was never subject to the historic district established by Ordinance No. 47. If the bank were correct in this contention, the procedure it followed, application for permit, appeal to the zoning board and administrative appeal to the Superior Court, would clearly be correct. That the plaintiff might be incorrect in its underlying assumption does not change the appropriateness of the forum chosen. The bank's appeal, therefore, is properly before this court.
Farmington Savings Bank v. Zoning Board of Appeals, supra, 736-37.
In the case at bar, the basis of the Plaintiff's claim relates to the correctness of the Defendant's decision in a particular case rather than jurisdictional issues or questions contesting the validity of the Regulations. Like the plaintiff in Farmington Savings Bank v. Zoning Board of Appeals, supra, the Plaintiff here has consistently claimed that it was never subject to regulation by the Defendant commission.
The proper procedure for the Plaintiff is to continue with its pending application to renew the existing permit. The Plaintiff then can present evidence before the Defendant. If the Plaintiff is aggrieved by the Defendant's application of the existing regulations, the Plaintiff will have a right to appeal and make its arguments concerning "pre-existing nonconformity" based upon a proper record.
Accordingly, for the foregoing reasons, a declaratory judgment proceeding is improper and the parties are left to seek redress by some other form of procedure, namely, application for a permit, appeal to the zoning board and administrative appeal to the superior court.
DRANGINIS, J. CT Page 4309