[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case, a declaratory judgment action, arises out of a motorcycle accident involving Anthony Biasetti (hereafter "Biasetti"), the operator of the motorcycle, and Gary Hudson ("Hudson") his passenger. Hudson sued Biasetti who was insured by Foremost Insurance Company (hereafter "Foremost"), which filed a complaint against Biasetti and Hudson praying for the relief that this court to enter a judgment declaring that it has no obligation under its Policy No. 276-15953716 to provide Biasetti either a defense or indemnification in the personal injury lawsuit. Hudson answered the complaint, as did Biasetti, who also asserted two special defenses. These provided:
 First: "The Plaintiff's policy exclusion of liability coverage or passengers is against the CT Page 5232 public policy of the State of Connecticut and should be voided."
 Second: "The Defendant's Anthony J. Biasetti's, waiver of passenger liability was unknowing and without the informed consent of the said Defendant."
These were denied, and Foremost filed a motion for summary judgment along with supportive documentation therefor. Foremost argues that the omission of passenger liability coverage is not against public policy as Sec. 38-175a-5(c)(12) of the Regulations of Connecticut State Agencies permits such an omission. It continues by reciting that Biasetti's attempt to reform the insurance contract based upon a unilateral mistake and alleged inequitable conduct on the part of the plaintiff is of no avail since this court is powerless to reform the contract of insurance.
Biasetti responded by arguing that "[a]lthough the policy actually issued by the Plaintiff to the Defendant, Anthony J. Biasetti, does not provide liability coverage for passengers, the factual question remains whether that exclusion was mistaken and accompanied by inequitable conduct." He cites to a discussion appearing in Harlach v. Metropolitan Property Insurance Liability Ins. Co.,221 Conn. 185, in support of his premise.
Foremost maintains that there is no question of fact that the motorcycle insurance policy does not provide liability coverage for passengers. Such coverage is excluded under paragraph 10 of Part A of the insurance policy.
 10. For "bodily injury" to any "passenger" while "occupying" the "motorcycle."
 Exclusion (A.10.) does not apply when the Declarations indicates you have elected and have paid premium for Liability Coverage For Your Passenger.
The declarations page submitted by Foremost hardly supports the hypothesis that Biasetti elected or paid a premium for passenger liability coverage. There is no actual question of fact that the insurance policy issued to Biasetti excluded CT Page 5233 coverage for passengers; however, this does not entitle Foremost to judgment as a matter of law because Biasetti filed two special defenses.
As previously set forth, Biasetti asserts that the exclusion of passenger liability coverage is against public policy and therefore void.
 The principle that agreements contrary to public policy are void should be applied with caution and only in cases plainly within the reasons on which that doctrine rests; and it is the `general rule . . . that competent persons shall have the utmost liberty of contracting and that their agreements voluntarily and fairly made shall be held valid and enforced in the courts.'
"The impropriety injurious to the interests of society which will relieve a party from the obligation he has assumed must be clear and certain before the contract will be found void and unenforceable." (Citations omitted.) Collins v. Sears, Roebuck Co., 164 Conn. 369, 376-77. "Although parties might prefer to have the court decide the plain effect of their contract contrary to the agreement, it is not within its power to make a new and different agreement; contracts voluntarily and fairly made should be held valid and enforced in the courts." Robert Lawrence Associates, Inc. v. Del Vecchio, 178 Conn. 1, 22. "Whether provident or improvident, an agreement moved on calculated considerations is entitled to the sanction of the law . . . ." (Citation omitted.) Collins v. Sears Roebuck Co., supra, 375. Therefore, since Sec. 38-175a-5(c)(12) of the Connecticut Regulations permits the exclusion of passengers from liability coverage, and since Biasetti has not introduced authority to the contrary, "[t]he defendant has failed to show that the . . . [exclusion for passenger liability provision] in question tends to impose any wrong, disadvantage or injury on the public or that it is prejudicial to the public good or in violation of established public policy." Collins v. Sears Roebuck Co., supra, 377. The court finds, therefore, that the exclusion does not violate public policy.
In the second special defense, Biasetti claims that the "waiver of passenger liability coverage was unknowing and without the informed consent of the said Defendant." CT Page 5234 However, "[w]aiver is the voluntary relinquishment of a known right." Harlach v. Metropolitan Property Liability Ins. Co., supra, 192-93. Unlike Harlach, however, "[t]he amendment to Sec. 38-175c directed that automobile insurance contracts should thereafter provide for equal amounts of liability and uninsured motorist coverage." Section 38-334 of the General Statutes provides that "the insurance commissioner shall adopt regulations with respect to minimum provisions to be included in automobile liability insurance policies." Pursuant to this authority, the insurance commissioner enacted regulation 38-175a-5(c), which states that "[t]he insurer's obligation to pay and defend may be made inapplicable: . . . (12) To bodily injury to any passenger while occupying a motorcycle." As a result, Biasetti did not have a right to passenger liability coverage; therefore, he could not have unknowingly and involuntarily waived a right to passenger liability coverage because he did not have a right to such coverage.
Although his special defenses fail as a matter of law, his memorandum of law reasons that the insurance contract should be reformed due to a unilateral mistake, which was accompanied by inequitable conduct on the part of the plaintiff.
 `Reformation is appropriate in cases of mutual mistake — that is where, in reducing to writing an agreement made or transaction entered into as intended by the parties thereto, through mistake, common to both parties, the written instrument fails to express the real agreement or transaction. [Citations omitted.] [R]eformation is also available in equity when the instrument does not express the true intent of the parties owing to mistake of one party coupled with fraud, actual or constructive, or inequitable conduct on the part of the other. [Citation omitted.]'
Harlach v. Metropolitan Property Liability Ins. Co., supra, 190-91. Although this language may have provided Biasetti with a defense, and may have created a question of fact, Biasetti raised it for the first time in his memorandum of law, and did not plead it as a special defense. "Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be CT Page 5235 specially alleged." Practice Book, Sec. 164. However, Foremost in paragraph 2 of the complaint, alleges that Biasetti "explicitly did not apply for liability coverage for any individual who might be a passenger on that motorcycle," and in paragraph four it asserts he specifically requested that the policy not extend to passengers. In response to these allegations, Biasetti "denies that he did not apply for liability coverage for passengers riding on said motorcycle," and denies that he requested an exclusion for passengers. Although the defendant has not submitted a pleading seeking the affirmative relief of reformation, the trial court may, in determining the rights of the parties in a declaratory judgment action, properly consider equitable principles in rendering its judgment. Middlebury v. Steinmann, 189 Conn. 710,715. As a result, the court is satisfied that there is a question of fact concerning whether Biasetti was unilaterally mistaken as to passenger liability coverage, and whether Foremost's conduct was inequitable.
The motion for summary judgment is, accordingly, denied.
Moraghan, J.