BURRIE T. PINNIX *v.* NICHOLAS D. LAMORTE, TRUSTEE

COTTER, C. J., BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

Argued October 16—decision released November 11, 1980

*Jules Lang,* for the appellant (plaintiff).

*James J. Farrell,* for the appellee (defendant).

PER CURIAM. The plaintiff brought this action seeking a judgment declaring a mortgage note and deed invalid on the ground that the defendant lender had charged an excessive rate of interest on the loan. The plaintiff's wife was solely liable on the note, but was never given reasonable notice of or made a party to the action. The court rendered summary judgment in the defendant's favor and the plaintiff appealed.

Practice Book, 1978, § 390 (d) governing actions for declaratory judgment requires all persons having an interest in the subject matter of the complaint to be parties to the action or have reasonable notice thereof. Failure to observe this requirement deprives the court of jurisdiction over the case. *State ex rel. Kelman* v. *Schaffer,* 161 Conn. 522, 526–27, 290 A.2d 327 (1971). Along with his prayer for declaratory relief, the plaintiff sought an injunction and damages. These claims must fall with the claim for a declaratory judgment because they were merely ancillary to it. *Clough* v. *Wilson,* 170 Conn. 548, 556, 368 A.2d 231 (1976).

The defendant filed a counterclaim for damages resulting from the plaintiff's failure to pay to the defendant funds held as security for the note, which the defendant alleged was in default. The court's granting of summary judgment on this counterclaim is also appealed from. Neither in the judgment file nor in the memorandum of decision, however, are any damages awarded to the defendant. We therefore view the judgment as relating only to the question of liability. See Practice Book, 1978, § 385. Such a judgment is not a final judgment from which an appeal lies. *New Haven Redevelopment Agency* v. *Research Associates, Inc.,* 153 Conn. 118,

120, 214 A.2d 375 (1965). Because the lack of a final judgment is a jurisdictional defect, we must dismiss the appeal. Id.

There is error in the judgment on the complaint, the judgment as to it is set aside and the case is remanded with direction to dismiss the action for lack of jurisdiction. As to the appeal from the counterclaim, the appeal is dismissed.