STANLEY V. TUCKER *v.* CONNECTICUT NATURAL GAS COMPANY ET AL.
(2562)

DUPONT, C.P.J., BORDEN and DALY, Js.

Argued December 12, 1984—decision released February 19, 1985

*Stanley V. Tucker,* pro se, the appellant (plaintiff).

*Phyllis E. Lemell,* assistant attorney general, with whom, on the brief, were *Joseph I. Lieberman,* attorney general, and *Robert S. Golden, Jr.,* assistant attorney general, for the appellee (defendant department of public utility control).

DALY, J. This action, originally commenced on the small claims docket, was transferred to the regular civil docket where the plaintiff filed a three count complaint. In the first count, the plaintiff alleged that the defendant Connecticut Natural Gas Company (CNG) failed to put the gas service in the names of the individual tenants of the plaintiff's property and that the defendant department of public utility control (DPUC) did not provide consumer assistance in this regard. The second count alleged a failure to provide adequate gas pressure on the part of CNG, while the third count alleged that CNG attempted to collect gas bills from the plaintiff, which bills were handled by a rent receiver. The plaintiff sought damages, punitive damages and a declaratory judgment as relief. DPUC moved to dismiss the complaint on the grounds of sovereign immunity, failure to exhaust administrative remedies and failure to comply with the notice requirements of a declaratory judgment. The trial court dismissed

the first and third counts of the complaint on the ground that the court lacked jurisdiction to render a declaratory judgment because all interested parties were not given reasonable notice of the action. The motion to dismiss the second count was denied. The plaintiff has appealed from the dismissal of the first and third counts.[1]

The plaintiff claims on appeal (1) that the defendants waived all jurisdictional defenses by not filing a motion to dismiss within thirty days of filing their appearance, (2) that the defendants submitted to the jurisdiction of the court by having the matter transferred from the small claims docket, (3) that the tenants of the subject premises are not necessary parties, and (4) that the former rent receiver of the subject premises is not a necessary party.

Although the plaintiff has claimed that the defendants have waived any jurisdictional defects, Practice Book § 145 provides that "[a]ny claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." It has been repeatedly held that the question of subject matter jurisdiction can be raised at any time and the lack thereof cannot be waived. *LaBow* v. *LaBow*, 171 Conn. 433, 440, 370 A.2d 990 (1976).

"An action for declaratory judgment is a special proceeding under General Statutes § 52-29, implemented by Practice Book §§ 389 and 391. . . . Section 390 (d) requires that all persons having an interest in the subject matter of the complaint be parties to the action or have reasonable notice thereof. . . . This court has

---

[1] The defendant CNG did not participate in this appeal. The defendant DPUC has defended against the appeal even though it is only mentioned in the first count.

consistently required strict adherence to this rule. . . . 'A failure to comply with § 309 (d) [now § 390 (d)] is a jurisdictional defect and, as such, can be raised even on appeal by the court itself.' " (Citations omitted.) *Russo* v. *Watertown,* 184 Conn. 30, 33, 441 A.2d 56 (1981).

Practice Book § 390 provides, in pertinent part, that "[t]he court will not render declaratory judgments upon the complaint of any person . . . (d) unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof." Section 390 (d) is more than a mere procedural regulation. It recognizes and implements the basic principle that due process of law requires that the rights of no man shall be judicially determined without affording him a day in court and an opportunity to be heard. *Russo* v. *Watertown,* supra, 34; *Benz* v. *Walker,* 154 Conn. 74, 77, 221 A.2d 841 (1966). It is clear that the tenants and the former rent receiver of the subject property, in addition to other utility companies, who are not parties to the action, may have a legitimate interest in the outcome of the present case and they are entitled to notice. Whether those persons or entities support the plaintiff's or the defendants' position, they are entitled to reasonable notice and an opportunity to be heard because they have an interest in the subject matter. *Russo* v. *Watertown,* supra, 35.

The plaintiff also sought, along with his prayer for declaratory relief, an injunction and damages. These claims, however, must fall with the claim for declaratory judgment because they were merely ancillary to it. See *Pinnix* v. *LaMorte,* 182 Conn. 342, 343, 438 A.2d 102 (1980).

Since the record does not indicate that all persons having a legitimate interest in the subject matter are

parties to the action or were given reasonable notice thereof, the trial court was without jurisdiction and properly granted the motion to dismiss.

There is no error.

In this opinion the other judges concurred.