[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE MOTIONS TO STRIKE
Motion to Strike #131 by Defendant Nicholas Esposito [Esposito] and #134 by defendant Dominic Bracchi [Bracchi] are addressed to Aetna Casualty and Surety Co. [Aetna] action for declaratory judgment. This action arises out of the following facts. Plaintiff alleges that defendant Esposito's daughter, Andra Angelo, was killed by a car on August 13, 1986 in a parking lot owned by defendant Bracchi and leased by the defendant F. W. Woolworth. Plaintiff alleges that defendant Esposito, as the executor of Andra Angelo's estate, has commenced a civil action (D.N. CV86 234477 S) against defendants Bracchi and F. W. Woolworth. Plaintiff Aetna seeks in this declaratory judgment action filed on November 13, 1989 a ruling that it is entitled to reimbursement in the amount of $300,000 from any proceeds that defendant Esposito may recover in his civil action (D.N. CV 86 234477S) against defendants Bracchi and F. W. Woolworth. Plaintiff alleges that it carried automobile insurance on the deceased Andra Angelo. See Exhibit A attached to the complaint. Plaintiff CT Page 216 alleges that defendant Esposito collected $300,000 in under-insured motorist benefits under that policy after plaintiff Aetna received a credit of $300,000 paid to Andra Angelo's estate by the driver of the vehicle which caused her death.
Defendant Nicholas Esposito's motion to strike (#131), filed on April 2, 1990, along with a memorandum in support, is based on two grounds. The first is that pursuant to Connecticut Practice Book 390(c) plaintiff had alternative means of redress in that plaintiff: (A) could have petitioned the court for guidance during the arbitration process pursuant to Connecticut General Statutes 52-414; (B) could have appealed the arbitrators' decision pursuant to Connecticut General Statutes 52-418; (C) should have resolved this coverage issue in the arbitration. The second is that plaintiff has failed to give notice to several interested parties as required by Connecticut Practice Book 390(d).
Defendant Bracchi's motion to strike (#134) filed on April 12, 1990, along with a memorandum in support is based on the ground that alternative means of redress were available to plaintiff in that plaintiff (A) should have resolved coverage issues in the arbitration; and (B) could have appealed the arbitrators' decision pursuant to Connecticut General Statutes 52-418. Plaintiff Aetna filed a memorandum in opposition (#136) to defendant Bracchi's motion to strike on April 19, 1990 in which plaintiff incorporated its memorandum in opposition (#133) to the motions to strike (#129 and #131) filed by defendants F. W. Woolworth and Nicholas Esposito.
The court on February 5, 1990 (Thompson, J.) denied defendants' motion to dismiss, which was based on the grounds of (1) res judicata and (2) the court's lack of jurisdiction as a result of plaintiff's failure to comply with Connecticut Practice Book 390(d). See Motion to Dismiss #108.
"Whenever any party wishes to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading. . . ." Connecticut Practice Book 152. A motion to strike "shall distinctly specify the reason or reasons" for the claimed legal insufficiency. Connecticut Practice Book 154. "In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion." Meredith v. Police Commission, 182 Conn. 138, 140 (1980). "We must take the facts to be those alleged in the plaintiff's complaint in the manner most favorable to the pleader." Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 472 (1980). "If facts provable under its allegations would support a CT Page 217 . . . . cause of action, the motion to strike must fail." Alarm Applications Company v. Simsbury Volunteer Fire Company179 Conn. 541, 545 (1980).
 Our statutes enable judges of the Superior Court to implement a declaratory judgment procedure. General Statutes 52-29. The purpose of a declaratory judgment action is to secure an adjudication of rights where there is a substantial question in dispute or a substantial uncertainty of legal relations between the parties. Practice Book 390 . . . .
Conn. Assn. of Health Care Facilities, Inc. v. Worrell,199 Conn. 609, 613 (1986). "[A] request for a declaratory judgment [requires] the trial court to ascertain the rights of the parties under existing law." Halpern v. Board of Education,196 Conn. 647, 654-55 (1985).
Connecticut Practice Book 390 provides:
 The court will not render declaratory judgments upon the complaint of any person:
 (a) unless he has an interest, legal or equitable, by reason of danger of loss or of uncertainty as to his rights or other jural relations; or
 (b) unless there is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties; or
 (c) where the court shall be of the opinion that the parties should be left to seek redress by some other form of procedure; or
 (d) unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof.
Defendant Esposito contends that under Connecticut Practice Book 390(c) plaintiff is not entitled to declaratory judgment because plaintiff had three alternative means of redress. First, plaintiff should have resolved this coverage issue in the arbitration proceeding held pursuant to Connecticut CT Page 218 General Statutes 38-175(c). Second, plaintiff could have petitioned the court for guidance during the arbitration pursuant to Connecticut General Statutes 52-414. Third, plaintiff could have appealed the arbitrators' decision pursuant to Connecticut General Statutes 52-418. Defendant Bracchi makes essentially the same arguments in his memorandum. Plaintiff asserts that no alternative means of redress exists at this point, other than the lawsuit. "Whether the court, despite its jurisdiction over the subject matter, could properly grant declaratory relief . . . . is a distinct question, which is properly raised by a motion to strike." England v. Coventry,183 Conn. 362, 365 (1981).
 Section 390(c) of the Practice Book allows the trial court Wide discretion to render a declaratory judgment unless another form of action clearly affords a speedy remedy as effective, convenient, appropriate and complete. Therefore a successful motion to strike an action for a declaratory judgment upon the ground of available alternative means of redress, must show that the court could not in the exercise of said discretion permit the action to proceed.
Id. (Citation omitted).
As to defendants' argument that the issue of coverage should have been resolved in the arbitration proceeding. Connecticut General Statutes 38-175c (uninsured motorist coverage) provides in pertinent part: "Every such policy issue on or after October 1, 1971, which contains a provision for binding arbitration shall include a provision for final determination of insurance coverage in such arbitration proceeding." Connecticut General Statutes 38-175c(a)(1)(B).
Both plaintiff and defendants assert that the arbitrators' final determination of insurance coverage did not include the issue of whether plaintiff is entitled to reimbursement of monies that may be paid to defendant Esposito by defendants F. W. Woolworth and Bracchi. Those defendants are being sued by Esposito as lessor and owner, respectively, of the land where the accident occurred, and not on the basis of their automobile insurance policies. The Supreme Court in American Universal Ins. Co. v. DelGreco, 205 Conn. 178
(1987), agreed with the proposition that "nothing in 38-175c specifically addresses the issue of what the insurer may or may not setoff against its liability. . . ." Id. at 196. That court also agreed with the trial court's holding that the provisions of Connecticut General Statutes 38-175c "apply only to automobile liability policies, applicable CT Page 219 at the time of the accident and to persons and/or organizations that are operators of the automobiles." Id. at 193. Since the provisions of Connecticut General Statutes 38-175c apply only to automobile liability policies, plaintiff's entitlement to reimbursement for monies paid to Esposito by defendants Bracchi and F. W. Woolworth as owner and lessor, respectively, of land is not an issue subject to arbitration pursuant to Connecticut General Statutes 38-175c. Therefore, Connecticut General Statutes 38-175c affords plaintiff no remedy.
As to defendants' argument that plaintiff could have petitioned the court for guidance pursuant to Connecticut General Statutes 52-414, (1) the correct statute section is Connecticut General Statutes 52-415 and (2) that section provides only for the arbitrators, not the parties, to ask the advice of the courts, if all the parties to the arbitration so request. Also, since Connecticut General Statutes 52-415
makes no provision for a party to seek the advice of the court, it provides no remedy for plaintiff.
As to defendants' contention that plaintiff could I have appealed the arbitrators' decision pursuant to Connecticut General Statutes 52-418, that statute provides:
 Sec. 52-418 Vacating Award. (a) Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, any judge thereof, shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means;(2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.
Plaintiff is not attempting in this action to overturn the arbitration decision which did not encompass whether plaintiff is entitled to reimbursement for monies that may be paid by defendants F. W. Woolworth and Bracchi CT Page 220 to defendant Esposito. Therefore, Connecticut General Statutes52-418 provides no remedy for plaintiff.
Defendants Esposito and Bracchi have not shown that plaintiff has available alternative means of redress. Defendant Bracchi's motion to strike (#134) and that portion of defendant Esposito's motion to strike (#131) addressed to plaintiff's lack of compliance with Connecticut Practice Book 390(c) is denied.
Defendant Esposito offers as a second ground for his motion to strike that plaintiff has failed to give notice to several interested parties as required by Connecticut Practice Book 390(d). Plaintiff contends that defendant's argument is not properly raised on a motion to strike because it questions the court's jurisdiction and not the legal sufficiency of the complaint.
"Once the question of lack of jurisdiction is raised it must be disposed of regardless of the form of the motion." State v. Best, 171 Conn. 487, 491 (1976). "Practice Book . . . . 390(d) governing actions for declaratory judgment requires all persons having an interest in the subject matter of the complaint to be parties to the action or have reasonable notice thereof. Failure to observe this requirement deprives the court of jurisdiction over the case." Pinnix v. LaMorte,182 Conn. 342, 343 (1980).
Since compliance with Connecticut Practice Book 390(d) implicates the jurisdiction of the court, it must be dealt with even though it was raised on a motion to strike.
"The court will not render declaratory judgments under the complaint of any person . . . . unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof." Connecticut Practice Book 390(d). The court dealt with this same issue when the defendants filed a motion to dismiss. The court (Thompson, J.) in denying the motion to dismiss, stated that plaintiffs, who named persons with possible financial interests in the outcome of the case as parties, satisfied Connecticut Practice Book 390(d). See Transcript of Short Calendar Argument, p. 22.
 New pleadings intended to raise again a question of law which has been already presented in the record and determined adversely to the pleader are not to be favored . . . . Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case CT Page 221 may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstances.
Breen v. Phelps, 186 Conn. 86, 99 (1982).
Defendant Esposito argues, as he did before Judge Thompson, that persons such as the Insurance Commissioner, other automobile policy insureds of plaintiff Aetna, and possibly all automobile policy insureds in Connecticut are interested, necessary and/or indispensable parties along with defendants. Plaintiff contends, and Judge Thompson agreed, that plaintiff complied with Connecticut Practice Book 389(d) by naming as defendants the persons with possible financial interests in the outcome of the litigation. This court also agrees.
Accordingly, the motions to strike are denied.
CIOFFI, J.