[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANT'S MOTION TO DISMISS
The plaintiff brought this action in two counts, the first for a declaratory judgment that the defendant be ordered to release a certain mortgage on her home, which mortgage secured a note co-signed by her husband, and the second count alleging that the defendant violated the Connecticut Unfair Trade Practices Act, General Statutes section 42-110a, et seq., by virtue of the defendant's acts involving the mortgage CT Page 1522 transaction. The defendant filed a motion to dismiss for lack of jurisdiction on the ground that the plaintiff's husband, a co-signer of the mortgage note, and having an interest in the subject matter of the action, was not made a party to the action nor given reasonable notice thereof.
Practice Book section 390(d) governing actions for a declaratory judgment requires all persons having an interest in the subject matter to be parties to the action or have reasonable notice thereof.
"Practice Book section 390(d) is more than a procedural regulation. It recognizes and implements the basic principle that due process of law requires that the rights of no man shall be judicially determined without affording him a day in court and an opportunity to be heard." Tucker v. Connecticut Natural Gas Company, 3 Conn. App. 302, 305 (1985).
The plaintiff's husband, a co-signer of the note and signatory to a mortgage on other property given as additional security together with the mortgage for which plaintiff seeks a release, has an interest in the subject matter; for if the plaintiff prevails, the burden of the debt on his encumbered property increases. The plaintiff's affidavit is conclusory and insufficient as a matter of law to show that the plaintiff's husband has reasonable notice of this action.
The court is therefore without jurisdiction to render a declaratory judgment. A motion to dismiss is the proper vehicle to raise a lack of jurisdiction. Practice Book section 142, et seq.; see Tucker, supra, 303, 306.
Accordingly, the defendant's motion to dismiss is granted as to the first count and the claims for relief incidental thereto, as they are ancillary to the claim for declaratory judgment and must fall with it.
TELLER, J.