[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: DEFENDANT'S MOTION TO DISMISS #115; MOTION TO STRIKE #107.
On February 7, 1992, the plaintiff, Margaret Louriero ("Margaret"), filed a complaint against the defendant, Irene Loureiro ("Irene"), in which she seeks a declaratory judgment determining which party was legally married to Manuel Loureiro ("Manuel"), the decedent, at the time of his death.
The relevant facts, as alleged by the plaintiff, are as follows. On April 18, 1959, the defendant married Manuel. On December 22, 1985, the plaintiff married Manuel. On or about October 17, 1990, Irene sought to dissolve her marriage. In that action, Manuel allegedly maintained that CT Page 3980 Irene had already obtained a Mexican divorce from him during the late 1960's or early 1970's and, as a result thereof, marital assets had already been distributed. Manuel allegedly claimed that, in reliance upon this divorce, he married Margaret. On or about January 2, 1991, the plaintiff, too, sought to dissolve her marriage.
On January 8, 1992, Manuel died, leaving an estate to be probated. Manuel had executed several wills, none of which have yet to be accepted for probate. The plaintiff here alleges that the defendant obtained a Mexican divorce or, in the alternative, that the defendant is barred from claiming that she was Manuel's wife. The plaintiff seeks a declaratory judgment determining which party was legally married to the decedent at the time of his death.
On February 28, 1992, Irene filed an answer to the complaint. Also on February 28, 1992, Irene filed a "Motion to Dismiss with Prejudice," a counterclaim, and a motion to strike. These pleading appear in the court's file in the above-stated order. The motion to dismiss is predicated upon, inter alia, the plaintiff's failure to join allegedly "necessary" parties. On March 6, 1992, the plaintiff filed, inter alia, memoranda in opposition to both the motion to strike and the motion to dismiss. On March 24, 1992, the defendant filed a "Motion to Withdraw its Motion to Strike and Response to Plaintiff's Pleadings."
Practice Book Section 112 provides the order in which pleadings are to be filed. That section states, in pertinent part, that:
The order of pleadings shall be as follows:
(1) The plaintiff's complaint.
(2) The defendant's motion to dismiss the complaint . . .
(4) The defendant's motion to strike the complaint.
(5) The defendant's answer . . . to the complaint . . . .
Practice Book Section 112.
Practice Book Section 113 states that:
 In all cases, when the court does not otherwise order, the filing of any pleading provided for by the preceding section will waive the right to file any pleading which might have been filed in due order and which precedes it in order of pleading provided in that section.
Practice Book Section 113.
The defendant, in its motion to withdraw, states that it wishes CT Page 3981 to withdraw its motion to strike and its response to the plaintiff's pleadings because:
 Plaintiff filed Motion to Dismiss. Motion to Strike and Response to Plaintiff's Pleadings at one time in the hope that they would be adjudicated sequentially in the order dictated by the Practice Book and in the hope of avoiding three trips to Litchfield. (Emphasis added.)
Defendant's Motion to Withdraw.
This court first wants to make clear that it does not condone the manner in which the defendant has filed its pleadings, nor does it condone the reasons stated for such filing as expressed in the defendant's motion to withdraw. Indeed, were the motion to dismiss not predicated upon lack of jurisdiction over the subject matter, this court, in accordance with Practice Book Sections 112-113, would have denied all of the defendant's motions.
A declaratory judgment action is a special proceeding pursuant to General Statutes Section 52-29 that is implemented by Practice Book Sections 389-390. Rhodes v. Hartford, 201 Conn. 89, 92, 513 A.2d 124 (1986). "The purpose of a declaratory judgment action is to secure an adjudication of rights where there is a substantial question in dispute or a substantial uncertainty of legal relations between the parties." Connecticut Association of Health Care Facilities, Inc. v. Worrell,199 Conn. 609, 613, 508 A.2d 743 (1986). The sole function of the trial court in a declaratory judgment action is "`to ascertain the rights of the parties under existing law.'" Halpern v. Board of Education, 196 Conn. 647,654-55, 495 A.2d 264 (1985), quoting Middlebury v. Steinmann,189 Conn. 710, 715, 458 A.2d 393 (1983).
"[T]he court will not render a declaratory judgment `unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof.'" Kolenberg v. Board of Education, 206 Conn. 113, 124, 536 A.2d 577 (1988), quoting Practice Book Section 390(d). This rule "`is not merely a procedural regulation. It is in recognition and implementation of the basic principle that due process of law requires that the rights of no [person] shall be judicially determined without affording him a day in court and an opportunity to be heard.'" Kolenberg, supra. (Citations omitted.) Our courts have required strict adherence to this rule and have held that failure to comply therewith is fatal to the court's jurisdiction. Id., 124. See also Tucker v. Connecticut Natural Gas Co., 3 Conn. App. 302, 304-05, 487 A.2d 572 (1985).
A motion to dismiss is the proper vehicle by which to raise the failure to give notice to all interested parties pursuant to Practice Book Section 390(d). Pinnix v. LaMorte, 182 Conn. 342, 343-44, 438 A.2d 102
(1980). Such a failure constitutes a jurisdictional defect and a denial of due process. Kolenberg, supra. Furthermore, because a motion to dismiss for CT Page 3982 lack of subject matter jurisdiction can be filed at any time and is not waivable, Practice Book Section 145; LaBow v. LaBow, 171 Conn. 433, 440,370 A.2d 990 (1976), the defendant's motion must be considered. Whenever "`it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.'" Tucker, supra, 304, quoting Practice Book Section 145.
The defendant, in a memorandum devoid of any law or authority, contends that the decedent's mother, niece, nephew and sister-in-law all have an interest in this matter and, therefore, should be joined in this action. Because the plaintiff has failed to join said parties, the defendant maintains that this action should be dismissed.
The plaintiff, in its memorandum in opposition to the motion to dismiss, claims that the decedent's aforementioned relatives are not necessary parties for the resolution of this particular proceeding and, therefore, the motion to dismiss should be denied.
The issue on a declaratory judgment with regard to notice and parties is not the presence of necessary parties, but, rather, the presence of interested parties. Practice Book Section 390(d); Tucker, supra, 305. In the presence case, the decedent's aforementioned relatives, along with the alleged surviving spouse, appear to be the only heirs-at-law. Consequently, they are interested persons within the context of Practice Book Section 390(d). Furthermore, as was noted, supra, several wills of the decedent have purportedly been offered for probate, but whether or not to admit any of these wills has not been decided. Thus, were the decedent's estate to pass by intestacy, it is possible that at least the decedent's mother would take some portion of the estate. General Statutes Section 45a-437 (a)(2).
Additionally, other remedies may exist by which the decedent's relatives can assert a claim against the decedent's estate. See e.g., General Statutes 45a-436 (g), which states that:
 A surviving husband or wife shall not be entitled to a statutory share, as provided in subsection (a) of this section, or an intestate share, as provided in section 45a-437, in the property of the other if such surviving spouse, without sufficient cause, abandoned the other and continued such abandonment to the time of the other's death.
General Statutes Section 45a-436 (g).
Furthermore, because one of the decedent's wills lists as trustee the decedent's sister-in-law, she, too, has an interest in this matter.
Thus, it appears that the decedent's mother, niece, nephew and sister-in-law "may have a legitimate interest in the outcome of the present case and they are entitled to notice. Whether those persons or CT Page 3983 entitles support the plaintiff's or the defendant['s] position, they are entitled to reasonable notice and an opportunity to be heard because they have an interest in the subject matter." Tucker, supra.
Consequently, because all persons having a legitimate interest in the subject matter are not parties to this action or were not given reasonable notice thereof, this court, has no jurisdiction over this matter and, therefore, should grant the motion to dismiss.
DRANGINIS, JUDGE