On January 29, 1292, the plaintiff, Patricia Mills, filed an amended complaint against the defendants, the Town of Winchester ("the Town"), James Pettit, William McCabe, Nancy Habbal, Brian Sullivan, Walter Miller, John Gauger, Jr. and Francis O'Neill, Jr. The plaintiff, a resident of the Town, alleges in count one, inter alia, that in January, 1991, the defendants, all of whom are members of the Town's Board of Selectmen ("the Board"), began considering the elimination of a police captain's position. The plaintiff alleges, inter alia, that said elimination would be brought about through the early retirement CT Page 5410 of the Town's senior police captain. The plaintiff contends on June 3, 1991, the Town approved a "one-time basis as severance $10,000.00 to early retirement and $4,430.00 to medical benefits for a police captain." The plaintiff alleges that this resolution of the Board is ultra vires in that said resolution provided compensation and benefits to an individual beyond that contracted for in the Collective Bargaining Agreement ("the Agreement") and Section 1204 of the Town's Charter. The plaintiff further alleges that the Board had no authority to expend the Town's public funds for such purpose. The plaintiff also alleges that, pursuant to Section 305B of the Charter, the effective date of the aforesaid resolution was postponed pursuant to a petition with the requisite number of electors' signatures which was duly filed with the town clerk prior to such payment and the Town acted without authority.
The plaintiff claims that on June 25, 1991, the senior police captain entered into an agreement to carry out the aforementioned resolution. Consequently, the plaintiff alleges, the Town' s funds have wrongfully been paid to this individual.
In the second count of her complaint, the plaintiff repeats the aforementioned allegations and further claims that on June 28, 1991, the plaintiff and other citizens of the Town allegedly properly challenged the resolution and filed a petition signed by over 350 citizens pursuant to Charter Section 305B. The plaintiff maintains that Section 305B states that, upon the filing of a petition with the Town Clerk, the effective date of the resolution shall be postponed to the certification by the Clerk that the petition is not sufficient. Furthermore, the plaintiff states that Section 305B provides that when the Clerk determines the sufficiency of the petition, it shall be certified to the Board, which shall subsequently submit said petition to the electors at a special town meeting. The plaintiff claims that, on June 28, 1991, at approximately 12:00 p.m., the Clerk notified the Town Manager of the receipt of the petition. The Town Manager allegedly disbursed the $10,000.00 as severance and $4,430.00 as medical benefits at approximately 3:30 p.m. on that same day, thereby violating Section 305B of the Charter by not submitting the petition to the electors and by refusing to postpone the aforementioned resolution.
The plaintiff seeks a declaratory judgment that the June 3, 1991 resolution and the June 25, 1991 Agreement are null and void; a declaratory judgment that the Town may not pay bonuses, compensation, benefits or other types of payments to municipal employees not otherwise provided for in state statutes, local ordinances, the Charter and the Agreement; an order of mandamus directing the defendants to submit said petition to the electors at a special town meeting in accordance with Charter provisions and said petition. CT Page 5411
On January 31, 1992, the defendant filed a motion to dismiss and attached thereto a supporting memorandum. On February 27, 1992, the plaintiff filed a memorandum in opposition to the motion to dismiss.
The motion to dismiss is provided for in Practice Book 142-146, and is the proper manner by which to assert lack of jurisdiction over the subject matter. Practice Book 143. "Although every presumption is to be indulged in favor of jurisdiction," LeConche v. Elligers, 215 Conn. 701, 710, 579 A.2d 1 (1990), "whenever the court determines that it lacks jurisdiction over the subject matter, the action shall be dismissed." Practice Book 145. See also Castro v. Viera, 207 Conn. 420, 429-30,54 A.2d 1216 (1988). The motion to dismiss is also the proper way by which to assert in sufficiency of process, Practice Book 143(4); see also Zizka v. Water Pollution Control Auth., 195 Conn. 682,687, 490 A.2d 509 (1985); insufficiency of service of process; Practice Book 143(5); Zizka, supra; and lack of jurisdiction over the person. Practice Book 143. See also Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 53 (1983).
The defendants, in their memorandum in support of their motion to dismiss, contend that service of process was insufficient, that this court has no jurisdiction to render declaratory judgment, that this court has no jurisdiction over the subject matter of this action and that the plaintiff lacks standing. Consequently, the defendants contend that the motion to dismiss should be granted. The plaintiff, in her memorandum in opposition to the motion to dismiss, rebuts each of these assertions and maintains that the motion to dismiss should be denied. This court will consider the defendants' arguments in the order in which they are raised.
INSUFFICIENCY OF PROCESS
The defendant maintains that service of process was insufficient because the plaintiff failed to attach Exhibit G to the complaint. Exhibit G is the Town of Winchester Charter, As Amended — 1987. In October, 1991, service was made on the then seven members of the Board, and the sheriff's return indicates that the entire complaint was served. Return of Sheriff, October 29, 1991. On December 9, 1991, this court granted the plaintiff's November 25, 1991, motion to substitute a defendant and to add the Town as a party. While the sheriff's return indicates that he served the complaint and all of its exhibits on January 7, 1991, on the Town and on Francis J. O'Neill, Jr., the substituted and added parties, Exhibit G is not attached to the complaint and the accompanying return. CT Page 5412
 Practice Book 141 states, in pertinent part, that: [The plaintiff] shall serve a copy of such exhibit or exhibits on each other party to the action forthwith upon receipt of notice of the appearance of such party and file the original or a copy of such exhibit or exhibits in court with proof of service on each appearing party.
Practice Book 141.
 General Statutes 52-57 states, in pertinent part, that: (a) . . . [P]rocess in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state.
General Statutes 52-57.
 General Statutes 52-123 states that: No writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court.
General Statutes 52-123.
If a defect is found to be substantial and not circumstantial, the court will lack subject matter jurisdiction. Demar v. Open Space Conservation Commission, 211 Conn. 416, 428,559 A.2d 1103 (1989). "[I]n determining whether [the] defect was fatal, the purpose of the statutory provision may be considered." Id., quoting D'Andrea v. Rende, 123 Conn. 377, 380, 195 A. 741 (1937). A complaint is designed to provide notice to defendants that a claim is being asserted stemming from a particular transaction or occurrence. Gurliacci v. Mayer, 218 Conn. 531, 548,590 A.2d 914 (1991). Additionally, a complaint includes all exhibits attached thereto. Streicher v. Resch, 20 Conn. App. 714, 716,570 A.2d 230 (1990);Practice Book 141. Consequently, the purpose of General Statutes 52-57(a) and Practice Book 141 are to ensure that defendants receive proper notice of the claim being asserted by the plaintiff. In applying this reasoning to the present case, any defendants who were not served with a copy of Exhibit G were not prejudiced by said omission, as the service of the complaint and of Exhibits A-F is sufficient to have informed said defendants of the claims brought against them. Consequently, the defect "is such that it [does] not deprive [this court] of subject matter jurisdiction," Demar, supra, 429, and said defect will not result in a dismissal of this case.
LACK OF JURISDICTION TO RENDER DECLARATORY JUDGMENT CT Page 5413
The plaintiff seeks, inter alia, a declaratory judgment that the Town may not pay bonuses, compensation, benefits or other types of payments to municipal employees not otherwise provided for in, and in conformance with, state statutes, local ordinances, Charter and the Agreement.
A declaratory judgment action is a special proceeding pursuant to General Statutes 52-29 that is implemented by Practice Book 389-390. Rhodes v. Hartford, 201 Conn. 89, 92, 513 A.2d 124
(1986). "The purpose of a declaratory judgment action is to secure an adjudication of rights where there is a substantial question in dispute or a substantial uncertainty of legal relations between the parties." Connecticut Ass'n of Health Care Facilities, Inc. v. Worrell, 199 Conn. 609, 613, 508 A.2d 743 (1986). The sole function of the trial court in a declaratory judgment action is "`to ascertain the rights of the parties under existing law.'" Halpern v. Board of Educ., 196 Conn. 647, 654-55,495 A.2d 264 (1985), quoting Middlebury v. Steinmann, 189 Conn. 710,715, 458 A.2d 393 (1983).
"[T]he court will not render a declaratory judgment `unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof.'" Kolenberg v. Board of Educ., 206 Conn. 113, 124, 536 A.2d 577
(1988), quoting Practice Book 390(d). This rule "`is not merely a procedural regulation. It is in recognition and implementation of the basic principle that due process of law requires that the rights of no [person] shall be judicially determined without affording him a day in court and an opportunity to be heard.'" Kolenberg, supra (citations omitted.) Our courts have required strict adherence to this rule and have held that failure to comply therewith is fatal to the court's jurisdiction. Id., 124. See also Tucker v. Connecticut Natural Gas Co., 3 Conn. App. 302, 304-05,487 A.2d 572 (195).
A motion to dismiss is the proper vehicle by which to raise the failure to give notice to all interested parties pursuant to Practice Book 390(d). Pinnix v. LaMorte, 182 Conn. 342, 343-44,438 A.2d 102 (1980). Such a failure constitutes a jurisdictional defect and a denial of due process. Rolenberg, supra.
The issue on a declaratory judgment with regard to notice and parties is not the presence of necessary parties but, rather, the presence of interested parties. Practice Book 390(d); Tucker, supra, 305. The plaintiff, in her memorandum opposing the motion to dismiss, properly concedes that the Town's taxpayers have an interest in whether their elected officials are acting beyond the scope of their authority in the expenditure of public funds. Plaintiff's Brief, p. 5. However, the plaintiff relies upon CT Page 5414 Connecticut Ins. Guaranty Ass'n v. Raymark Corp., 215 Conn. 224,230, 575 A.2d 69 (1990), for the proposition that failure to comply with the notice provision of Practice Book 390(d) does not require dismissal of this action.
However, in light of the law articulated in Tucker, supra, and Pinnix, supra, this court finds the decision in LeConche v. Elligers, 215 Conn. 701, 712, 579 A.2d 1 (1990) controlling. In LeConche the court, relying upon Raymark Corp., supra, stated that "failure to comply with Practice Book 390[d] requires dismissal for lack of subject matter jurisdiction." LeConche, supra 712, citing Raymark Corp., supra. 229.
In the present case the Town's taxpayers do have an interest in the outcome of this matter. See, e.g., Russo v. Watertown,184 Conn. 30, 35, 441 A.2d 56 (1981). Furthermore, as the Raymark Corp. court noted, because it may be impractical to require that all of the taxpayers be made parties to the action, "our statutes and rules of practice provide for allowing some [parties] to represent others having similar interests." Raymark Corp., supra, 30, citing General Statutes 52-105, 52-107; Practice Book 87 through 90.
The next question with regard to this issue is whether the Town employees would be effected by a declaratory judgment issued by this court. Because the Town's employees may be affected by such a judgment regarding, i.e., the payment of bonuses, compensation and benefits to such employees, they have an interest in the subject matter and are, therefore entitled to reasonable notice and an opportunity to be heard. Kolenberg, supra; Russo, supra; Thus, the court lacks jurisdiction over these counts and, consequently, the motion to dismiss is granted.
LACK OF SUBJECT MATTER JURISDICTION AND STANDING.
 A.
The defendants contend that the plaintiff's petition, even if properly filed, is not a proper subject for referendum because Charter 305D specifically exempts ordinances and resolutions for personnel appointments or removals and a special appropriation of less than fifteen thousand ($15,000.00) dollars.
With regard to this contention focusing on the subject matter of both the petition and complaint, 305D of the Charter states that:
 The following ordinances and resolutions are specifically exempted from electorial challenge as set forth in this section: a resolution fixing the tax rate; a resolution making an appointment or removal; an ordinance making a special CT Page 5415 appropriation of less than fifteen thousand dollars ($15,000.00); any emergency ordinances as defined in this Charter.
Charter 305D.
With the exception of those items stated in 305D, supra, the electors of the Town have the power to approve or reject such ordinances or resolutions prior to the effective date of the same. Charter 305A. While the plaintiff concedes that the defendants passed an ordinance making a special appropriation of less than fifteen thousand dollars ($15,000.00), Plaintiff's Memorandum in Opposition to the Motion to Dismiss ("Plaintiff's Memorandum"), p. 10, she maintains that the defendants also passed a resolution to "`approve on a one-time basis as severance $10,000.00 to early retirement and $4,430.00 to medical benefit for a police captain.'" Plaintiff's Memorandum, p. 10, quoting Exhibit D of the Complaint (Minutes of the June 11, 1991 Special Board of Selectmen Meeting.) Because such a resolution is not exempted from public challenge by Charter 305D, such action by the Board is subject to the elector's approval in accordance with 305A.
The plaintiff also alleges that she complied with the provisions of 305B, which sets forth the manner by which a resolution of the Board can be challenged. However, as was noted, supra, the plaintiff maintains that the effective date of the resolution was not postponed as it should have been in accordance with 305B. Because every presumption should be indulged in favor of jurisdiction, LeConche, supra, 710, this court has jurisdiction over the subject of the petition.
 B.
The defendants also claim that the plaintiff lacks standing to contest the defendants' action and, therefore, this court lacks jurisdiction over this matter. Standing "concerns the legal right of an individual to set the machinery of the courts in operation." Stroiney v. Crescent Lake Tax Dist., 205 Conn. 290, 294,533 A.2d 208 (1987). The Connecticut Constitution contains no case or controversy requirement like that found in Article III of the United States Constitution. Connecticut Ass'n of Health Care Facilities v. Worrell, 199 Conn. 609, 613, 508 A.2d 43 (1986). Standing is not:
 [A] matter of constitutional law in Connecticut, but is rather a rule of judicial administration based upon the principle that the appropriate parties to litigate a dispute are those who are injured or about to be injured. The purpose of this requirement is generally said to ensure the existence of that concrete adverseness between parties that guarantees `that the questions CT Page 5416 will be framed with the necessary specificity, that the issues will be contested with the necessary adverseness and that the litigation would be pursued with the necessary vigor . ."
Manchester Envtl. Coalition v. Stockton, 184 Conn. 51, 65,441 A.2d 68 (1981), quoting Flast v. Cohen, 392 U.S. 83, 106,88 S.Ct. 1942, 20 L.Ed.2d 947 (1968).
The fundamental aspect of standing is that "`it focuses on the party seeking to get his complaint before the court and not on the issue he wishes to have adjudicated.'" University of Connecticut Chapters. AAUP v. Governor, 200 Conn. 386, 389, 512 A.2d 152
(1986), quoting Flast, supra, 99. Additionally:
 Standing is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate non-justiciable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented.
Board of Pardons v. Freedom of Information Comm'n,210 Conn. 646, 648-49, 556 A.2d 1020 (1989). See also University of Connecticut Chapters. AAUP, supra. The requirements of justiciability and controversy are ordinarily:
 [H]eld to have been met when a complainant makes a colorable claim of [a] direct injury he has suffered or is likely to suffer, in an individual or representative capacity. Such a `personal stake in the outcome of the controversy' . . . provides the requisite assurance of `concrete adverseness' and diligent advocacy. `As long as there is some direct injury for which the plaintiff seeks redress, the injury that is alleged need not be great. . . [and] need not be primarily economic.' (Citations omitted.)
Board of Pardons, supra, 649.
Standing is a component of the court's subject matter jurisdiction. Stroiney, supra, 294. Where "a party is found to lack standing, the court is consequently without subject matter jurisdiction to determine the cause." Fuller v. Planning Zoning Comm'n,21 Conn. App. 340, 346, 573 A.2d 1222 (1990).
The plaintiff here contends that as a taxpayer she clearly has standing. However, she cites to no legal authority to support this proposition. "To have standing, a taxpayer must prove that he is directly affected in a pecuniary manner." Atwood v. Regional CT Page 5417 School Dist. No. 15, 169 Conn. 613, 617, 363 A.2d 1038 (1975). Taxpayers of towns and cities may challenge the legality of the claim of their municipal officials by seeking injunctive relief against such action. Highgate Condominium Ass'n v. Watertown Fire Dist., 210 Conn. 6, 15, 553 A.2d 1126 (1989). However, a party's "status as a taxpayer, without a demonstration by him of some tangible injury, does not by itself confer standing upon him where the defendant is a municipal corporation." Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 548,427 A.2d 822 (1980). A taxpayer will be allowed to challenge municipal conduct on the demonstration of two conditions: "(1) the plaintiff must be a taxpayer of the defendant municipal entity; and (2) the plaintiff must allege and demonstrate that the allegedly improper municipal conduct causes him to suffer `some pecuniary or other great injury.'" Id., 549 (citations omitted). See also Highgate Condominium Ass'n, supra, 15. The first condition:
 [E]nsures that there be some legal relationship or nexus between the plaintiff and municipal entity that establishes the municipality's duty to expend or allocate the monies in a manner consistent with the law. The second condition ensures that our courts will be called upon to decide matters in which the litigants have a specific legal interest, as distinguished from a mere general interest, in the subject matter of the controversy. (Citations omitted.)
Alarm Applications Co., supra.
In this case, the plaintiff has alleged sufficient facts to meet the first condition. However, the acts alleged in the complaint fail to meet the second condition which requires that the plaintiff suffer some particularized injury. Id. "Injury sufficient to meet the second condition may be met by alleging facts that demonstrate that the plaintiff will incur an increased tax burden as a result of the town's actions." Double I Ltd. Partnership v. Glastonbury,14 Conn. App. 77, 81 ( 1988), citing Bassett v. Desmond, 140 Conn. 426,430, 101 A.2d 294 (1953). Consequently, the plaintiff lacks slanding as a taxpayer.
Additionally, the plaintiff also lacks standing as an elector and resident of the Town. Standing predicated upon such a claim rests upon the same principles as standing as a taxpayer. See, e.g., Double I Ltd. Partnership, supra, 80. Consequently, because the plaintiff has not put forth the requisite allegations so as to permit this court to find that she has standing, id., this court would, ordinarily, be compelled to find that the plaintiff here lacks standing. Specifically, the plaintiff has failed to allege that she has suffered some particularized injury. Id. Ordinarily, this would compel this court to grant the motion to dismiss. However, "[o]ur Supreme Court has noted that it will not use standing to permit the erection CT Page 5418 of `an impenetrable barrier to any judicial scrutiny on the legality of the [action of the Board]" DelVecchio v. Department of Income Maintenance, 18 Conn. App. 4, 13 (1989), quoting Highgate Condominium Ass'n, supra, 16. The Highgate court, in reaching such a conclusion, relied upon Boryszewski v. Brydges,37 N.Y.2d 361, 334 N.E.2d 57, 372 N.Y.S.2d 623, 626 (1975). In Boryszewski, supra, the court stated that:
 We are now prepared to recognize standing where, as in the present case, the failure to accord such standing would be in effect to erect an impenetrable barrier to any judicial scrutiny of legislative action. In the present instance it must be considered unlikely that the officials of State government who would otherwise be the only ones having standing to seek review would vigorously attack legislation under which each is or may be a personal beneficiary.
Id.
Similarly, in the present case only the members of the Board or the retired police chief, now a member of the Board, would have standing to seek judicial review of the Board's action. It is unlikely that either of these parties would desire such a review. The plaintiff, and others similarly situated, would be able to seek redress for the Board's alleged improper action only in the voting booth. While such a remedy is, indeed, powerful, it enables the Board to act in what may be an improper manner between elections. Such a result cannot be accepted. Therefor, pursuant to Highgate Condominium Ass'n, supra, and DelVecchio, supra, this court finds that a decision that the plaintiff lacks standing to challenge the Board's action would effectively create an impenetrable barrier to any judicial scrutiny of the legality of the Board's actions. Consequently, in accordance with Highgate, supra, the motion to dismiss based upon standing is denied.