[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before the court is the defendant's Motion to Strike the "entire complaint". Said motion should be granted.
Plaintiff's complaint consists of two counts, in the alternative. Under count one and count two, plaintiff alleges that, on December 18, 1986, while operating a vehicle of the insured, his employer, he sustained injuries as a result of an automobile collision with an underinsured vehicle; that he exhausted the $50,000.00 liability limit of the vehicle that struck him; that he subsequently paid over the proceeds to his workers' compensation carrier; that defendant, Travelers Indemnity Company, issued a fleet policy to the insured, North American Philips Corporation, plaintiff's employer, which provides uninsured motorist protection in the amount of $20,000.00 per person, $40,000.00 per accident for each vehicle, and a $2,000,000.00 limit on liability; that the policy contains an arbitration provision; that he is covered by said fleet policy, and that his employer and the defendant "expected" that there "would be stacking . . . to a limit of $2,000,000.00."
Under count one, plaintiff seeks a declaratory judgment to determine his right to proceed to arbitration.
In the alternative, plaintiff asks that he "be permitted to CT Page 3965 pursue the Second Count of this action." Count two is "in the alternative upon the contract" for damages, in which plaintiff alleges, in addition to the allegations stated above, that defendant's policy provides for policy benefits for damages caused by an underinsured motorist, and that the coverage amounts and intended limits were specially contracted for, "and the parties to the negotiated contract agreed and intended that the coverage limits be stacked to an amount of $2,000,000.00." There is no allegation that the defendant has breached the contract.
Defendant now moves to strike the complaint on the ground that plaintiff's claims for declaratory judgment and breach of contract are barred by the exclusive remedy provided by the Workers' Compensation Act, and that plaintiff's breach of contract claim is further barred because stacking is not permitted in fleet policies.
The motion to strike tests the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142. Practice Book section 152. When ruling on a motion to strike, the court is restricted to the alleged facts, and the court must construe those facts in the light most favorable to the nonmoving party. Rowe v. Godou, 209 Conn. 273, 278. If the facts provable under the pleadings would support a defense or a cause of action, the motion to strike must fail. Mingachos v. CBS, 196 Conn. 91, 109.
In count one, plaintiff seeks a declaratory judgment to determine whether he is entitled to proceed to arbitration. Practice Book section 390, which governs declaratory judgments, provides, in relevant part, that no declaratory judgment will be rendered "unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof." Practice Book section 390(d). Compliance with this requirement is "essential to the jurisdiction of a court to render a declaratory judgment;" Connecticut Ins. Guaranty Assn. v. Raymark Corporation, 215 Conn. 224,229; and failure to observe this mandate deprives the court of jurisdiction over the case. State v. Carey, 222 Conn. 299,307-08; Pinnix v. LaMorte, 182 Conn. 342, 343. Because failure to comply with section 390(d) "implicates subject matter jurisdiction, it can be raised at any point in the proceedings . . . and by the court." Kolenberg v. Board of Education,206 Conn. 113, 124.
Under paragraph 11 of count one, plaintiff alleges that CT Page 3966 "[a]ll persons having an interest in the subject matter are parties to this suit." Based upon the entire court file it is clear that, contrary to those allegations, "all persons having an interest in the subject matter" are not parties to this action.
In this case, plaintiff's employer, North American Philips Corporation, has an interest in this declaratory judgment action by virtue of its status as a party to the insurance contract. Similarly, other company employees, who drive the company's vehicles during the course of their employment have an interest in the subject matter of the litigation. Travelers Indemnity Company is the sole-named defendant in the instant matter, and there is no indication in the file that plaintiff has notified North American Philips Corporation, or other company employees, of the instant action.
Plaintiff's failure to notify, or add as parties, these "persons having an interest" deprives this court of subject matter jurisdiction over count one of plaintiff's complaint. Connecticut Ins. Guaranty Assn. v. Raymark Corporation, supra, 229-30 (declaratory judgment reversed because plaintiff failed to join other claimants, or claimants' representatives, in action to determine plaintiff's obligations to insured parties of insolvent insurance company); Kolenberg v. Board of Education, supra, 125 (plaintiff's failure to notify other teachers of contract action was fatal because teachers had an interest in the subject matter of the litigation and were entitled to section 390(d) safeguards).
Accordingly, first count of the complaint is dismissed.
As previously stated, count two is "in the alternative upon the contract." However there is no allegation that the defendant has breached the contract.
Accordingly, second count is stricken.
Ronald J. Fracasse, Judge CT Page 3967